SUSAN RHOADES, ADM'X v. CHICAGO & GRAND TRUNK RAILWAY CO.

*Railway injury at crossing—Contributory negligence.*

1. Positive testimony as to the giving of statutory railway signals near a highway crossing cannot, as matter of law, control negative testimony on the same subject. If such proofs conflict their weight is for the jury.

| 58 | 263 |
| 61 | 593 |
| 58 | 263 |
| 69 | 112 |
| 58 | 263 |
| 81 | 623 |
| 58 | 263 |
| 86 | 505 |
| 58 | 263 |
| 90 | 598 |
| 90 | 620 |

2. An error in taking a case of railway injury from the jury upon a particular question, may be rendered nugatory by such evidence of contributory negligence as would render that course necessary.

3. A man approached a railway crossing at an acute angle in a buggy drawn at an easy trot by a horse and a mule. A regular fast train, coming at the same time, and in full sight for a considerable distance if he had turned his head, whistled sharply close by the crossing and frightened his team so that it became unruly, and ran upon the track, and the man was killed. The man, who knew the neigborhood, was apparently ill, and drove absent-mindedly, without noticing the train until he was close to the crossing, though several witnesses saw the danger he was running into. *Held*, that he was guilty of contributory negligence, and that an action for his death could not be maintained against the railway company.

4. It is negligent to approach a railway crossing with a team so closely as to involve apparent danger, either of direct collision or of the team's being so frightened by the passage of the train as to become unmanageable and likely to get upon the track in spite of the attempt to check it.

Error to Cass. (A. J. Smith, J.)   Oct. 13.—Oct. 28.

CASE. Plaintiff brings error. Affirmed.

*Edward Bacon* for appellant, cited *Young v. D. G. H. & M. Ry.* 23 N. W. Rep. 71; *Manchester &c. Ry. Co. v. Fullarton* 14 C. B. (N. S.) 53; *Ransom v. St. Paul &c. Ry. Co.* 62 Wis. 178; *Harty v. Railroad Co.* 42 N. Y. 468; *Wakefield v. R. R. Co.* 37 Vt. 330; *Penn. Ry. Co. v. Barnett* 59 Penn. St. 259; *Penn. Ry. Co. v. Ogier* 35 Penn. St. 71; *Kennedy v. Mayor* 73 N. Y. 365; *Pollock v. Eastern R. Co.* 124 Mass. 158; *Chicago &c. R. R. Co. v. Dunn* 52 Ill. 451; *Toledo, Wabash & Western R. R. Co. v. Harmon* 47 Ill. 298; 1 Thomp. Neg. 351, 420; *Borst v. L. S. & M. S. R. R. Co.* 4 Hun 347; *Geveke v. G. R. & Ind. R. R.* 57 Mich.

*H. Geer* and *E. W. Meddaugh* for appellee, cited as to contributory negligence, *Penn. R. R. Co. v. Beale* 73 Penn. St. 504; *Cent. Ry. v. Feller* 84 Penn. St. 226; *Flemming v. W. P. R. R.* 49 Cal. 253; *Artz v. C. R. I. & P. Ry. Co.* 34 Ia. 154; *Benton v. C. R. R.* 42 Ia. 192; *Turner v. Hannibal &c. R. R. Co.* 74 Mo. 602; *Penn. Ry. Co. v. Righter* 42 N. J. L. 180; *Moore v. Ry. Co.* 24 N. J. L. 284; *D. L. & W. Ry. Co. v. Toffey* 38 N. J. L. 525; *Bellefontaine Ry. Co. v. Hunter* 33 Ind. 335; *Terre Haute &c. R. R. Co. v. Clark*

73 Ind. 168 ; *Gorton v. Erie R. R.* 45 N. Y. 660 ; *Salter v. U. & B. R. R. Co.* 75 N. Y. 273 ; *Trow v. Vt. Cent. R. R. Co.* 24 Vt. 487 ; *Butterfield v. W. R. R. Cor.* 10 Allen 532 ; *Wheelock v. B. & A. R. R. Co.* 105 Mass. 206 ; *Fletcher v. A. & P. R. R. Co.* 64 Mo. 484 ; *Powell v. Missouri Pacific R. R. Co.* 76 Mo. 80 ; *Schofield v. C. M. & St. P. R. R. Co.* 114 U. S. 615 ; *Tucker v Duncan* 9 Fed. Rep. 867 ; *Holland v. C. M. & St. P. R. R. Co.* 18 Fed. Rep. 243 ; *Railroad Co. v. Jones* 95 U. S. 439 ; *Lewis v. B. & O. Co.* 38 Md. 588 ; *State v. P. W. & B. R. R. Co.* 47 Md. 76 ; *L. S. & M. S. R. R. Co. v. Miller* 25 Mich. 290 ; *Williams v. M. C. R. R.* 2 Mich. 259 ; *M. C. R. R. v. Campau* 35 Mich. 468 ; *LeBaron v. Joslin* 41 Mich. 313 ; *Davis v. Detroit &c. R. R. Co.* 20 Mich. 105 ; *Kelly v. Hendrie* 26 Mich. 255 ; *D. & M. Ry. Co. v. Van Steinburg* 17 Mich. 99 ; *Haas v. G. R. &c. R. R. Co.* 47 Mich. 401 ; *Davies v. Mann* 10 M. & W. 546 ; *Bridge v. Grand &c. R. R. Co.* 3 M. & W. 244 ; *Tuff v. Warman* 5 C. B. (N. S.) 573 ; *Radley v. London &c. R. R. L. R.* 1 App. Cases 754.

CAMPBELL, J. This action was brought to recover damages for the death of plaintiff's intestate, who was killed by an express train of defendant in the afternoon of December 11, 1882, at a cross-road not far from Edwardsburg. The deceased had been at Edwardsburg with a buggy drawn by a horse and a mule, and was returning on a north and south road which crossed the railway at a somewhat acute angle, when a train which had passed Edwardsburg and was going southerly towards the crossing, struck his team on the crossing and killed him and one of his animals. · It was claimed by plaintiff that the train did not give the proper signals so as to inform him of its coming, and that when he was near the crossing, and the cars were rushing up behind him, a series of sudden sharp whistles frightened his team and made them unmanageable, so that they ran upon the track in spite of his efforts to hold them.

The defense relied on lack of fault or neglect in the defendant's servants, and on the negligence of the deceased.

There was contradictory testimony concerning the statutory signals, some persons swearing that they were given and some that they were not. Most of the latter was of

course negative testimony to the effect that the witnesses did not hear the signals. One witness swore that he saw the bell and that it was not moving. The fact that sudden and repeated loud whistles were given and frightened the animals was shown by testimony which was positive.

We cannot hold, as we were asked to hold, that where positive proof is met by negative proof, the former must govern. The testimony, if it conflicts, must go to the jury unless under possible peculiar circumstances which do not usually arise. We have no doubt that upon the question of defendant's negligence these were facts for the jury, whatever we may ourselves think of the weight of testimony, and if that were the only issue, we should feel bound to hold that the court below erred in taking the case from the jury and ordering a verdict for the defendant.

But upon the question of contributory negligence there is such positive testimony given by the plaintiff's own witnesses as to leave no room for dispute.

It appeared from the testimony that the train in question was not a stray or irregular one, but a fast train that might fairly be expected at the time when it came. It further appeared that the view of any such train was substantially unobstructed for a long distance along the road on which deceased was traveling, so that by turning his head at any time during its approach he must have seen it. He was moving along at an easy trot, and could at any time, until he neared the crossing, have stopped. He was not a stranger, but was familiar with the road and the surroundings. The testimony for plaintiff shows that he kept on at the same gait until he reached very near the crossing, where his animals were frightened as the train came on behind them, and rushed upon the railway. There is no testimony that he paid the least attention to the train, or looked round at any time to observe whether it was coming. On the other hand it is shown quite clearly that he could not have done so.

The authorities are so uniform that a person must use reasonable caution in approaching a railway at all times, and especially when a rapid train is due or approaching, that it is

hardly necessary to cite them.  It is negligent to approach a crossing with animals so nearly as to involve apparent danger to life.  A train going at the rate of forty miles an hour will not only destroy anything which it hits, but common experience shows that it creates considerable danger by its sudden passing, of startling and bewildering both persons and animals approaching very closely.  In the present case the deceased did not actually drive his team upon the railway, but he drove it so near that he brought it into imminent danger of going on the track in case of anything happening to frighten them.  The testimony concerning the proximity of the train when the last whistles were sounded shows that the buggy must have come very close to the crossing, as even at their highest speed they could not have reached the track before the train passed, unless he had already driven perilously near.  There is a brief space of time just before the collision, when plaintiff's witnesses did not apparently see him.  But their testimony covers enough time to leave no room for doubt that the cause of the mischief was in part, if not chiefly, his voluntary advance into danger.  The account they gave of his action and appearance during his ride from Edwardsburg seems to indicate that from illness or some other cause he was absent-minded and probably oblivious of the surroundings, which appear to have drawn the attention of quite a number of persons near by.  He was seen the instant before the fatal accident trying to hold in his team, but they were then just reaching the track, when the mule, which was on the near side, was struck just behind the shoulder, and with the driver was instantly killed.

Upon a careful review of the testimony we are unable to see that the circuit judge could have given any different ruling than he did give, and

The judgment must be affirmed.

MORSE, C. J. and CHAMPLIN, J. concurred.  SHERWOOD, J. concurred in the result.