CHRIS. F. MYNNING, ADMINISTRATOR OF THE ESTATE OF PHILLIP A. MYNNING, DECEASED, v. THE DETROIT, LANSING & NORTHERN RAILROAD COMPANY.

*Province of jury—Requests to charge—Railroad siding a warning of danger—Measure of damages under section 8314, How. Stat.*

1. Where a case, upon the facts, is not free from doubt the court should submit it to the jury.

2. Requests to charge which state the law applicable to the case as recognized and approved by the appellate court, should be given to the jury or covered fully by the general charge, and where refused the giving of some portions of such requests, but in such a disconnected manner as to seriously impair the force to which they were entitled before the jury, will not cure the error.

3. The rule of law that a railroad track is itself a warning of danger, applies equally to a side track as to the main line of the road.

4. In an action brought under sec. 8314, How. Stat., the mental sufferings and injured feelings, or any other injuries not susceptible of being compensated for by a money consideration to the beneficiaries under the statute, are necessarily excluded by the jury in determining the amount of damages to be awarded.

| | |
|---|---|
| 59 | 257 |
| 61 | 593 |
| 62 | 477 |
| 64 | 101 |
| 59 | 257 |
| 66 | 271 |
| 67 | 678 |
| 59 | 257 |
| 69 | 112 |
| 59 | 257 |
| 75 | 29 |
| 59 | 257 |
| 78 | 277, |
| 78 | 535 |
| 59 | 257 |
| 104 | 591 |
| 104 | 617 |
| 59 | 257 |
| 111 | 520 |
| 59 | 257 |
| 114 | 416 |

Error to Mecosta. (Fuller, J.) Argued January 7, 1886. Decided January 20, 1886.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Palmer & Palmer*, for appellant:

Cited, in support of claim of error in refusal to give requests 2, 7 and 8 (see opinion), the authorities cited in the opinion in that connection. Damages must be confined to pecuniary injuries and distributed to the persons and in the proportions provided by law in relation to the distribution of personal property: Section 8314, How. Stat.; *C. & N. W. Ry. Co. v. Bayfield*, 37 Mich. 205; Rorer on Railroads, pp. 860, 1167; Thompson on Negligence, p. 1289; Sedgwick on Damages, 2d. ed., p. 537; *Board of Commissioners of Howard v. Legg*, 93 Ind. 523: 47 Am. Rep. p. 390.

*Andrew Hanson* and *Mitchell & McGarry*, for plaintiff:

Where the essential fact in a case is whether contributory

59 MICH.—17

negligence·did or did not exist, and this depends upon the credibility of witnesses, or inferences from facts or circumstances about which intelligent and impartial men might differ, such a case should be submitted to the jury: *Swoboda v. Ward*, 40 Mich. 424; under our system of jurisprudence the jury is called to pass upon the facts: *Conely v. McDonald*, 40 Mich. 158; a question of negligence, where there is any evidence fairly tending to prove it, is for the jury: *Hassenyer v. Mich. Cent. R. R. Co.*, 48 Mich. 205; and negligence is a question of fact, and not of law, and it is for the jury to determine from the evidence whether one or both parties have been negligent and not for the court to take the question from them and declare if certain facts existed: *Meyers v. I. & St. L. Ry. Co.*, 113 Ill. 386.

The court did not err in refusing to charge on specific points which were particularly covered by other charges, any more than if they were wrong and ambiguous: *Joslin v. LeBaron*, 44 Mich. 161; *People v. Sligh*, 48 Mich. 54; and a request to charge, is properly refused if the charge as given correctly presents the matter: *Van Den Brooks v. Correon*, 48 Mich. 283; and a charge to a jury must be construed as a whole: *McGinnes v. Kempsey*, 27 Mich. 364; *Daniel v. Clegg*, 28 Mich. 32; *Welch v. Ware*, 32 Mich. 77; *Burdick v. Michael*, 32 Mich. 246; *Greenlee v. Lowing*, 35 Mich. 63; *People v. Finley*, 38 Mich. 482; *Wheeler & Wilson Mnfg Co. v. Walker*, 41 Mich. 239; *Driscoll v. People*, 47 Mich. 413; *Hart v. Newton*, 48 Mich. 401; *Souvais v. Leavitt*, 50 Mich. 108; *People v. Howard*, 50 Mich. 240.

SHERWOOD, J. This is an action on the case, brought by the plaintiff against the defendant, under the statute, to recover damages occasioned by the death of Phillip A. Mynning, alleged to have been caused by the negligence of the defendant. The accident occurred at Big Rapids, on the thirtieth day of October, 1882, about seven o'clock in the evening. The party killed was walking down Baldwin street, in the city. He came upon the railroad crossing, and at that moment was struck by the car in a train which was backing across the street with a load of lumber, and was instantly killed. The particular acts of negligence alleged, and which are relied on to charge the company, consisted:

"*First,* in the omission to ring the bell or sound the whistle when approaching and crossing the street; *second,*

in running the train backward at a high and dangerous rate of speed; *third*, in not having any head-light upon the engine; and *fourth*, in not having any light at or upon the rear end of the train."

The deceased left surviving him a widow, two minor, and three adult children; and the declaration alleges that by reason of his death the widow and minor children have been deprived of their means of support. The trial was had in the Mecosta circuit in May, 1885, and resulted in a verdict for the plaintiff for the sum of $5,000, upon which judgment was duly entered. The defendant brings error. The record contains all the evidence in the case. No exceptions were taken to the rulings of the court in receiving or rejecting testimony. They all relate to the charge as given by the court, and to his refusal to charge as requested.

The last two requests of defendant's counsel substantially asked the court to direct a verdict for the defendant. They were both refused, and we think properly so. The case upon the facts was not free from doubt, and the court did right in submitting it to the jury. There was testimony in the case tending to show that no signals were given, and it is not clear that the injured party did not look and listen for the train. The night was dark and stormy, and these are circumstances which must be considered in passing upon the evidence. Besides those I have alluded to, all the requests of defendant were substantially given by the court except three, and these, I think, the defendant was entitled to have given as requested. Some portions of them were given in the charge, but in such a disconnected manner as to seriously impair the force to which they were entitled before the jury. They are as follows:

"(2) That negligence is not to be presumed, but must be affirmatively proven by the party alleging it, and in the manner alleged in the declaration in the case; and in this case the burden of proof is upon the plaintiff to show that the defendant is entirely responsible for the injury complained of by reason of and in consequence of the neglect charged in the declaration, and that the plaintiff's intestate did not contribute towards it."

"(7) The track itself is a warning of danger to those who go upon it, and persons about to cross a railroad track are bound to recognize the danger, and to make use of the sense of hearing as well as of sight, and if either cannot be rendered available the obligation to use the other is the stronger to ascertain before attempting to cross it whether a train is in dangerous proximity; and if they neglect to do this, but venture blindly or carelessly upon the track, without any effort to ascertain whether a train is approaching, it must be at their own risk. Such conduct is of itself negligence. ⸢

"(8) The doctrine of comparative negligence in actions of this kind, as recognized by the courts of some of the other states, is not adopted or recognized by our court, and therefore cannot be applied to this case."

These requests state the law as recognized and approved by this Court, and the refusal to give them as requested was error : *Detroit & M. R. Co. v. Van Steinburg*, 17 Mich. 119; *Lake Shore & M. S. R. Co. v. Miller*, 25 Mich. 274; *Michigan Cent. R. Co. v. Coleman*, 28 Mich. 447; *Haas v. Grand Rapids & I. R. Co.*, 47 Mich. 408; *Wood v. Detroit City R. R. Co.*, 52 Mich.402; *Pzolla v. Michigan Cent. R. Co.*, 54 Mich. 273; *Palmer v. Detroit, L. & N. R. Co.*, 56 Mich. 1; *Hathaway v. Michigan Cent. R. Co.*, 51 Mich. 253.

The eleventh assignment of error was not pressed upon the argument, and need not be further noticed.

The crossing where the intestate was killed was upon a siding of defendant's road, extending some distance from the main track, to a lumber-mill. The testimony tended to show that this siding was used more or less every day, and that the intestate knew that fact, and was familiar with the crossing, and had been for many years, passing at the point daily; and the court, in his instruction to the jury, said to them :

"Now, gentlemen, we have heard in the argument on the law in this case, and it is the law, that ordinarily a railroad track in and of itself is a sign of danger. The main line of a railroad track may be so considered; but I do not think, gentlemen, that necessarily a side track, which is only occasionally used, is of itself a warning, although it may be."

This we think was error, and not in accordance with the previous rulings of this Court. The great danger arises at

these crossings in the difficulty of controlling the movements of a train of cars propelled by steam; and experience shows that this danger exists in the use of sidings as well as upon the main line, and the track is a warning in the one case as well as in the other; and ordinary care requires notice to be taken of all signals and all warnings, where danger may be reasonably apprehended, by a person approaching a crossing.

The allusion of the court to the composition of railroad corporations, and to the holders of stock therein, which constitutes the defendant's tenth assignment of error, had better been omitted. It was susceptible of misconstruction to the prejudice of the defendant by the jury.

The defendant's sixteenth assignment of error was to that portion of the charge as given, reading as follows:

"If you should find for the plaintiff, a grave question arises, and that is as to the measure of damages,—how much of a verdict should you give. There has been no proof which could apprise you of just how much that man's labor was worth to his family, and his association to his family,—how much money value should be placed upon it. The expectancy of human life, as shown by the table which the court allowed, makes it somewhere between eighteen and nineteen years; he might have been reasonably expected to have lived that length of time. We do not know how much his labor was worth to his family, or his companionship, or his care over these minor children,—one of them a boy about fifteen or sixteen and the other about two years older. And the wife here,—it is not shown how much his companionship was worth to her, and the support he would give her and the rest of the family,—the two boys. It does not appear in dollars and cents how much there was received every day or week or month or year; but testimony has been given here before you showing what kind of a man he was; what he did; what he had done; what he was able to do; what his practice was as to taking care of his family; what it had been,—and we know of no way of judging of the future but by the past, —and from all that testimony you are to come to a conclusion how much that man was worth in the manner and for the purposes the court has indicated. I will read from a standard authority a very few lines: 'For the death of a wife the husband should be allowed the value of her services and companionship estimated in a pecuniary sense.' I read

that so as to give you to understand what follows: 'So a wife and children for the loss of the husband and father should be allowed such sum as would be equal to the probable earnings of the deceased, taking into consideration his age, health, business capacity, habits, and experience, and add thereto the value of his services in the superintendence, attention to and care of his children, and the education of his children.' I think, gentlemen, that is a fair rule; but you have no data which is perhaps satisfactory, or, I might say, which is definite, from which to estimate this; and it rests in your own sound discretion and good judgment, from all the testimony which has been given."

The claim made by the plaintiff is a statutory one: How. Stat. § 8314. The above charge contains several elements for the consideration of the jury, on the subject of damages, which are improper. They are outside of the statute. It will be noticed that the language of the statute[1] includes only such damages as may be recompensed by pecuniary compensation, not exceeding the statutory amount; and which should be based upon some well-defined facts or known circumstances in the case,—such facts as are susceptible of some proof under the well-settled rules governing the admissibility of testimony. The mental sufferings and injured feelings, or any other injuries which are not susceptible of being compensated by a money consideration to those who are entitled to the benefit of the statute, are therefore necessarily excluded as elements to be taken into consideration by the jury in determining the amount of damages in this class of cases: *Chicago & N. W. Ry. Co. v. Bayfield*, 37 Mich. 205; Rorer on Railroads, pp. 860, 1167; Thomp. Neg. 1289; 2 Sedg. Dam. 537; *Board of Com'rs, etc. v. Legg*, 93 Ind. 523.

For the errors above-mentioned the judgment at the circuit must be reversed, and a new trial granted.

The other Justices concurred.

---

[1]"Sec. 8314. Every such action shall be brought by and in the names of the personal representatives of such deceased persons, and the amounts recovered in every such action shall be distributed to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages, as they shall deem fair and just, with reference to the pecuniary injury resulting from such death, to those persons who may be entitled to such damages when recovered."