ROSE KWIOTKOWSKI, ADMINISTRATRIX, ETC., v. THE
GRAND TRUNK RAILWAY COMPANY.

*Negligence—Injury at railroad crossing—Contributory negligence.*

In this case the plaintiff's intestate is found to have been guilty of
contributory negligence, and the action of the circuit judge in
directing a verdict in favor of defendant is sustained.

Error to Wayne. (Chambers, J.) Argued May 16, 1888.
Decided June 8, 1888.

Negligence case. Plaintiff brings error. Affirmed. The
facts are stated in the opinion.

*Thomas Hislop* (*Edwin F. Conely,* of counsel), for appel-
lant.

*E. W. Meddaugh,* for defendant.

MORSE, J.    March 20, 1886, Bronistow Kwiotkowski was
killed by being struck by a locomotive upon defendant's
track at a railroad crossing upon St. Joseph street, in the city
of Detroit.

The plaintiff, his widow and administratrix, brought suit
in the circuit court for Wayne county to recover damages for
the loss of her husband, alleging that it was occasioned by
the negligent action of the defendant's employés in their
failure to ring a bell at the crossing, and in the running of
the train at a rate of speed prohibited by the ordinances of
the city of Detroit, and also in running at a higher rate of
speed than was reasonable under the circumstances. She also
averred negligence in the defendant in its failure to place a
sign at the crossing.

Upon the trial, at the conclusion of the testimony on behalf

of the plaintiff, the circuit judge, Hon. F. H. Chambers, directed a verdict for the defendant, upon the ground that the facts established showed contributory negligence on the part of plaintiff's intestate. No one saw the deceased step upon the track, or witnessed the accident. His bruised and dead body was found near the track, from the appearance of which it was evident that he had been struck by the engine as he was stepping upon the track, and hurled to his death.

It is impossible, from the facts of the location of the track and its surroundings at the place where the deceased attempted to cross, to come to any other conclusion than that arrived at by the circuit judge. The deceased left home in the evening, with an umbrella, it being dark and rainy. He was seen to stop opposite the wood-office of Joseph Richard, and apparently peered into the window. It was about twenty feet from the side of the office to the railroad track, and about four feet from the window to the side of the office. As a person passed by the office, he could see down the railroad track about a block. A few steps more, and the track was clear to the eye for a long distance. The train had a blazing head-light, which lighted the track for at least a block.

The evidence fails to disclose whether any bell was rung or not; the witnesses all stating that they did not take notice of any bell. The train was running at least twenty miles an hour; six miles an hour being the limit of speed fixed by the city ordinance. The defendant's employés were undeniably negligent in this respect, but it is clear that the plaintiff's intestate was negligent in not looking for the approach of a train. If he had looked he certainly would have seen it, as there was no obstruction in the way, and no other trains or any other thing to distract or confuse his vision.

Joseph Hermes, a witness sworn for the plaintiff, was near Bellair street going towards the engine on the track, and saw the head-light plainly. He saw a man ahead of him upon

the track just before the accident happened. He saw, or thought he saw, this man step off, and he also got off the track. He did not see the deceased. This witness first saw the train about five blocks away, and testified that the head-light was burning brightly, and would light up the track for a block and a half in front of the train. Bellair street is next to St. Joseph. The noise of the approaching train was heard by two men in the wood-office.

We cannot avoid the conclusion that the deceased did not look up or down the track, as he should have done, after passing the wood-office. If he had so looked, he must certainly have noticed the head-light of this approaching train. If he did look, he must have been careless, and attempted to cross the track when he should not have done so.

It is true that we held in *Mynning v. Railroad Co.*, 64 Mich. 102 (31 N. W. Rep. 151), that the presumption of law is that the person killed at a crossing did look and listen, in the absence of any showing to the contrary; and we have also held in other cases that, if the evidence on the part of the plaintiff fails to show any contributory negligence on the part of the person killed or injured, he is not required to go further, and negative by direct evidence that he was in fault, as where there are no eye-witnesses this would be impossible. But in this case, although no person saw the deceased after he passed the wood-yard until his mangled body was found beside the track, yet the location of the track is such that the conclusion is irresistible that if Kwiotkowski had simply stopped a moment, or had looked down the track without stopping, he could have seen the head-light of the locomotive, and been warned of his danger in time to have averted it. He was a man about 43 years of age, in the full possession of all his faculties, and well and intimately acquainted with the crossing. It certainly seems, under all the testimony, that he must have put up his umbrella, and rushed

heedlessly and thoughtlessly upon the track, without looking to the right or left.

The inevitable conclusion, to which all unprejudiced minds must come, being that the deceased did not look, or, if he did look, took his chances to get across the track when he ought, as a prudent man, to have stopped, the circuit judge was right in directing a verdict for the defendant; and the judgment of the Wayne circuit court will be affirmed, with costs.

The other Justices concurred.