PETER GEBHARD v. THE DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY COMPANY.

*Railroad companies—Contributory negligence—Directing verdict.*

The sole question involved in this case is the correctness of the ruling of the trial court in directing a verdict on the ground that plaintiff was guilty of contributory negligence; and it is held that the inference is conclusive that the exercise of even slight care on the part of the plaintiff would have enabled him to avoid the accident, and the judgment is affirmed.

Error to Wayne. (Brevoort, J.) Argued January 31, 1890. Decided February 20, 1890.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*H. F. Chipman* and *William Look*, for appellant.

*Otto Kirchner*, for defendant.

GRANT, J. Plaintiff was passing from his place of business to his home, and while walking over the railroad crossing of the defendant upon Atwater street, in the city of Detroit, was struck by an engine, and injured. Upon the trial in the circuit court, after the plaintiff rested his case, the judge instructed the jury to find a verdict for the defendant upon the ground that the plaintiff was guilty of contributory negligence.

The correctness of this ruling is the sole question in the case. If but one conclusion can be drawn from the evidence, then the ruling was correct. If different conclusions can fairly be drawn from it, then the question should have been submitted to the jury for determination. The plaintiff was familiar with the crossing. His place

of business was in close proximity to it. He had crossed it almost daily for many years, and knew to what extent the tracks were used, and the dangers attendant thereon. There were nine tracks at this crossing, with a distance of three to four feet between them. Plaintiff testifies that he knew it was a very dangerous crossing, and that trains were passing there in both directions, all day long, on all the tracks. Standing at the eastern side of the crossing, plaintiff could see along the track 200 to 300 feet, in the direction from which the two engines were approaching. This is apparent from the diagram attached to plaintiff's brief. Plaintiff was going west towards his house. It was broad daylight. He evidently did not stop at the crossing, nor look to see whether trains were approaching, but walked directly upon the tracks. When about half way across, he saw an engine coming, backing in towards the yard. He stepped back, and another engine coming in the same direction, on another track, struck him. He had crossed seven of the tracks, and reached the eighth, before he stopped and stepped back. He testifies as follows:

"I looked up and saw that locomotive [meaning the first one]. I then stepped back. I was looking towards the engine there. When I saw the engine coming, and stepped back to get out of the way, my face was still on that engine. I was looking at that engine. I did not turn clear around, but stepped back. I was looking right in front of me,—right west. I did not look to the right or left. Then I looked to the right and the engine was on to me. When I looked to the right it was too late; it was right on me. I think I was about in the middle of the crossing when I saw this engine [meaning the first one]. I stepped a little further on after I saw it. I finally thought it was about time to stop, and see where the engine went. I backed off. I could not tell whether the front or the back of the engine struck me."

On cross-examination, he further testifies:

"I don't think I did step back. I may have done it. I couldn't be positive. I stood there on the track, and had my face fixed on that engine. I looked into the yard first, and then went to look round, and it struck me."

The only other evidence was that of the patrolman, who stood on the sidewalk along-side the tracks on the north side of Atwater street, and west of the crossing, and is as follows:

"I saw the Lake Shore pony coming down the track, backing down. I saw Mr. Gebhard coming across the tracks, and I halloed to him to look out, and, as I did, he stepped backward a step, and another pony came down and struck him. He was looking towards me when he stepped back. It was the foot-board that struck him."

The inference is conclusive that the exercise of even slight care on the part of the plaintiff would have enabled him to avoid the accident. His eye-sight was good, and a glance would have revealed to him the approaching danger. This is a much stronger case of contributory negligence than that in *Mynning v. Railroad Co.*, 64 Mich. 93 (31 N. W. Rep'. 147). In that case the deceased was held guilty of contributory negligence in walking upon a crossing in a dark night, with a rain-storm approaching, and a wind blowing in such a direction as to convey the sound of the approaching train away from him.

The judgment of the court below must be affirmed, with costs.

CHAMPLIN, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.