BANNISTER *v.* LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

RAILROAD CROSSINGS—CONTRIBUTORY NEGLIGENCE.

> One who alights from a railroad train at a street crossed by the tracks of several different companies, and proceeds, without looking or listening, to cross the track of another road in front of an engine whose headlight is plainly visible, is guilty of such contributory negligence as will prevent a recovery for his death, although it does not appear that he knew of the existence of the second track.

Error to Wayne; Hosmer, J. Submitted June 17, 1897. Decided June 28, 1897.

Case by Augusta M. Bannister, administratrix of the estate of Elijah B. Bannister, deceased, against the Lake Shore & Michigan Southern Railway Company, for negli-

gently causing the death of plaintiff's intestate.  From a judgment for defendant on verdict directed by the court, plaintiff brings error.  Affirmed.

*Whitney C. Beckwith,* for appellant.

*Wells, Angell, Boynton & McMillan,* for appellee.

LONG, C. J.  Plaintiff's husband was killed at about 6 o'clock on the evening of February 4, 1893, at the crossing of Holden avenue and the track of the defendant in the city of Detroit.  He had come to this crossing on a Grand Trunk suburban train.  Holden avenue at this point is crossed by the Grand Trunk tracks.  Next to it, and about 76 feet distant, are the defendant's tracks, and beyond that the Michigan Central tracks.  Two other parties alighted from the Grand Trunk train at the same time the decedent left it.  They passed along on the westerly side of the avenue, while Mr. Bannister took the walk on the east side.  As these other parties came near the track, they saw the defendant's train, saw the headlight some 30 or 40 feet distant, and stopped until it passed by.  The train was an ingoing one, and these parties were some 50 feet nearer it than Bannister.  Two witnesses saw him approaching the track, saw the train, and testify that he walked along, looking ahead of him. He did not stop, did not look around, and was struck before he passed across the track.  These were the only witnesses who saw the accident.  Upon this testimony the court directed a verdict in favor of the defendant, on the ground of the decedent's contributory negligence.

Counsel for plaintiff contends here that the court was in error in this disposition of the case.  He contends that the evening was dark; that there was smoke coming from the Grand Trunk train, and blowing over and across the defendant's tracks, at that time, and that the bell of that train was making some considerable noise; and that there is no showing but that the decedent was a stranger there, and consequently did not know of the existence of those

tracks. We think the testimony shows conclusively that it was light enough to see some considerable distance. The other witnesses saw and heard the train without difficulty, and, had the decedent been giving any attention to his surroundings, the tracks there could not have escaped his attention. He had traveled some 76 feet after leaving his train before he came to this crossing of the defendant's tracks. There was nothing to obstruct his vision for several hundred yards down the track. The headlight was on, and one glance in that direction would have been sufficient to warn him of the approach of the train. Even after he saw the track, one or two steps less and he would not have been harmed. It is apparent that he approached the track without looking or listening. This court has many times held that for one on foot to venture blindly, and without the use of any care, upon a railroad track in front of a train, is negligence preventing recovery. *Mahlen* v. *Railway Co.*, 49 Mich. 585; *Pzolla* v. *Railroad Co.*, 54 Mich. 273; *Kwiotkowski* v. *Railway Co.*, 70 Mich. 549; *Gebhard* v. *Railway Co.*, 79 Mich. 586.

A motion for new trial was made and denied by the court below. Some question is raised upon that, but there is nothing in that fact which calls for discussion. It was properly overruled.

The judgment must be affirmed.

The other Justices concurred.