MANOS v. DETROIT UNITED RAILWAY.

STREET RAILWAYS—CONTRIBUTORY NEGLIGENCE—DUTY TO LOOK BEFORE CROSSING TRACKS.

It was contributory negligence for a person, carrying an open umbrella on a rainy day, after looking for a car at the curb of a street, and seeing one approach half a block distant, to cross the track 11½ feet distant from the curb, without again looking.[1]

---

[1] For the similar question of duty of person at railroad crossing to stop, look, and listen after entering on first track, see note in 17 L. R. A. [N. S.] 505.

Error to Wayne; Hosmer, J. Submitted February 15, 1911. (Docket No. 191.) Decided March 31, 1911. Rehearing denied December 29, 1911.

Case by Julia Manos against the Detroit United Railway for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Patrick J. Kelaher (McHugh & Gallagher*, of counsel), for appellant.

*Corliss, Leete & Joslyn (A. B. Hall*, of counsel), for appellee.

HOOKER, J. The facts in this case are practically undisputed. The plaintiff herself testified that, on a rainy afternoon in June, she came from a store to a street corner, carrying an umbrella. Before attempting to cross the street, she looked and saw a car approaching about half a block away. It was 11½ feet from the curb where she stood to the nearest rail. She proceeded, and did not look again; was struck by the car which she had seen, and was injured. The learned circuit judge directed a verdict for the defendant, holding that the plaintiff was guilty of contributory negligence in not looking immediately before going upon the track, while in a place of safety, under the rule followed in a number of cases which we cite herein. We cannot doubt that she believed when she left the curb that she could cross in front of the car without being struck by it.

We have held many times that when one steps upon a track without looking and is struck, when, had he taken the trouble to look, he would have seen the danger, it is contributory negligence. That is not questioned, but counsel seem to contend that this rule has been modified by cases in which we have held that where he *did* look, and had reasonable ground for believing that he could safely cross, the case was one for the jury, whether

common prudence justified his course or not.    We will refer to both classes of cases.

In *Matta* v. *Railway Co.*, 69 Mich. 112 (37 N. W. 54), Mr. Justice MORSE held that one driving owed the duty of looking before venturing upon the track of a steam railroad.    He cited the following Michigan cases: *Mynning* v. *Railroad Co.*, 59 Mich. 257 (26 N. W. 514); *Id.*, 64 Mich. 93 (31 N. W. 147, 8 Am. St. Rep. 804); *Haas* v. *Railroad Co.*, 47 Mich. 407 (11 N. W. 216); *Pzolla* v. *Railroad Co.*, 54 Mich. 273 (20 N. W. 71); *Potter* v. *Railroad Co.*, 62 Mich. 22 (28 N. W. 714); *Rhoades* v. *Railway Co.*, 58 Mich. 263 (25 N. W. 182).

In *Kwiotkowski* v. *Railway Co.*, 70 Mich. 549 (38 N. W. 463), a man in Detroit, carrying an umbrella on a dark and rainy night, with an opportunity to see for a distance of 20 feet, stepped on the track, and was struck by a train carrying a headlight capable of lighting the track for a block, and was killed.    In the face of the presumption that he was not negligent (see *Underhill* v. *Railway Co.*, 81 Mich. 43 [45 N. W. 508], and *Mynning* v. *Railroad Co.*, 64 Mich. 102 [31 N. W. 147, 8 Am. St. Rep. 804]), the court held as matter of law that he did not look as he should have done, and was therefore guilty of contributory negligence.    Per MORSE, J.

In *Gardner* v. *Railroad Co.*, 97 Mich. 240 (56 N. W. 603), Mr. Justice LONG, with the concurrence of all of his associates, applied the doctrine to a man who had looked at a distance of 20 feet from the track, and did not look both ways when two steps from the track, although his attention was diverted by a switch engine.    He said:

"It was broad daylight, and, when within five feet of the north rail of the track, it is undisputed that the plaintiff could see 250 feet east along the main track.    No one disputes that, if he had but looked, he certainly would have seen the train.    It is evident, therefore, that he did not look, or, if he did, he saw the train, and carelessly attempted to cross in front of it; and in either case he was guilty of such negligence as to preclude a recovery. *Brady* v. *Railroad Co.*, 81 Mich. 616 (45 N. W. 1110);

*Pzolla* v. *Railroad Co.*, 54 Mich. 273 (20 N. W. 71);
*Grostick* v. *Railroad Co.*, 90 Mich. 594 (51 N. W. 667).
If the plaintiff's attention was diverted by the switch
engine, as he claims, it is no excuse for not looking for
the approach of a train.   He was to pass a dangerous
point.   He knew there was danger there.   He was bound
to exercise that degree of care that the situation and sur-
roundings demanded of a prudent and careful person.   If
the switch engine was making a noise by its bell and by
letting off steam, it, at least, was not an obstruction to
his view to the east, and it is not so claimed.   If he had
looked eastward, he would have seen the train before he
stepped upon the track.   The ringing of the bell and the
blowing off of steam from the switch engine did not relieve
him from the duty of looking in the other direction.   One
look eastward, and one less step taken, and he would not
have been upon the track.   Upon any theory of the case,
it was the duty of the court to direct the verdict in favor
of the defendant."

Again, in *Houghton* v. *Railway Co.*, 99 Mich. 308 (58
N. W. 314), we held:

"A traveler is never justified in assuming that he can
surely drive a certain distance, and cross a railroad track,
before a train can reach the crossing, unless it be shown
that he has had an uninterrupted view of the track for so
great a distance as to justify such assumption."

It will be noticed that we there recognized the doctrine
of the cases upon which the plaintiff relies in this case,
but held it not applicable to that case.

The case of *McGee* v. *Railway Co.*, 102 Mich. 107 (60
N. W. 293, 26 L. R. A. 300, 47 Am. St. Rep. 507), writ-
ten by Mr. Justice Long, related to an electric road.
Plaintiff testified that he stopped at the curb, looked both
ways, and saw the car with a headlight a block and a half
away to the south.   He did not expect a car from the
north and did not see any.   He did not look north again,
and was struck.   Mr. Justice Long, said:

"We see no more reason for applying the rule that one
must look and listen before crossing the tracks of a steam
railway than that one must look and listen before crossing
a street car track upon which the motive power is electric-

ity or the cable. In this State it is well settled that persons passing over railroad crossings must exercise care. They must look and listen, and, under certain circumstances, must stop, before attempting the crossing. Electric street car crossings are also places of danger. The cars are run at a great speed on this street in question. The city ordinance permits it, and the rule must be that, before going upon such tracks, every person is bound to look and listen. If the view is unobstructed, and the pedestrian takes this precaution, there is not much opportunity for him to be injured. It will not do to say that he has discharged his responsibility, in case of an accident, by looking when some feet away, for he may miscalculate the distance and the speed of the car. To avoid danger he must look just before he enters upon the track."

*Borschall* v. *Railway*, 115 Mich. 473 (73 N. W. 551), was a case where the plaintiff crossed one track safely, to be struck by a car going in an opposite direction. The court said, Mr. Justice Long writing the opinion:

"We think the court was correct in saying that the plaintiff was guilty of contributory negligence. There can be no question upon this record but that, had he looked before entering upon this track, he must have seen the car approaching Elizabeth street. If he did not look, he was clearly guilty of negligence, for, in the absence of something to excuse the performance of that duty, it was incumbent upon him, before attempting to cross, to take proper means of ascertaining whether the way was clear. *Fritz* v. *Railway Co.*, 105 Mich. 50 (62 N. W. 1007). If he saw the car coming, and then attempted to cross, he took his chances of being injured, and cannot complain."

In *Henderson* v. *Railway Co.*, 116 Mich. 374 (74 N. W. 525), Mr. Justice Montgomery applied this rule to a boy who was crossing a double track:

" It is evident that this verdict cannot stand, but the more doubtful question is presented as to whether the first request of defendant should have been given. In my opinion, upon this record it should have been. See *Ecliff* v. *Railway Co.*, 64 Mich. 196 (31 N. W. 180). The plaintiff himself testified that this boy had intelligence enough to appreciate the danger. He placed the boy on the stand, and he so testified. The evidence clearly shows

that there was nothing, except this wagon and the east-bound car, to obstruct the vision. Witnesses for the plaintiff state that, if the boy had looked in the direction of the car, he could have seen it. It was but common prudence in crossing such a thoroughfare to look, not only for the car, but for any vehicle which might be coming. Injury would have occurred from collision with an ordinary wagon just as surely as from running into this car; and from the testimony of the lad himself, he had intelligence enough at the time to know this. Why, then, should it be left for the jury to say that he had not?"

In *McCarthy* v. *Railway Co.*, 120 Mich. 400 (79 N. W. 631), Mr. Justice Grant, with the concurrence of all sitting, held:

"A person of mature years, familiar with the situation at a street railway crossing, who went behind a passing car and upon a parallel track, where she was struck by a car approaching from the opposite direction, was guilty of contributory negligence, where the tracks were five feet apart and there was no obstacle preventing her from seeing the car which caused the injury, had she looked for it after the first car had passed."

In that case the plaintiff had walked about 15 feet without looking.

In *Davis* v. *Railway*, 162 Mich. 240 (127 N. W. 323), we affirmed a verdict for defendant by direction; Mr. Justice Blair writing the opinion, concurred in by his associates. The case was much like this. The plaintiff did look when near the track. Plaintiff testified:

"*Q.* Now, after you looked and had the sleet in your eyes, you advanced a step and was struck by the car?

"*A.* No, sir; I had looked a ways before I got to the track, and then started to go across, or I started on; I could not see; I did not see no car; I started on.

"*Q.* The reason you could not see was because you had this sudden gust and sleet?

"*A.* Yes, sir.

"*Q.* That is the reason you could not see?

"*A.* Yes, sir.   *  *  *

"*Q.* You gave up a car coming from the west when you were farther back?

"*A.* I was looking; I could not see towards the west.

"*Q.* You could not see because your eyes were blinded?
"*A.* Yes, sir.
"*Q.* Farther back?
"*A.* Yes, sir.
"*Q.* You could not see because your eyes were blinded?
"*A.* Yes, sir.   I started on.   I had given up the other car."

*The Court* said:

"If plaintiff could not see because of the sudden gust blowing the sleet in her eyes, she should have awaited the cessation of the gust, and it was negligence on her part to proceed to cross, relying upon such a view."

The defendant's counsel contend that the foregoing rule should not apply where the car has been seen and the plaintiff supposed she had time to cross in front of the car with safety.

In *Chauvin* v. *Railway*, 135 Mich. 85 (97 N. W. 160), we said, *when the plaintiff had looked and seen the cars*, that the circumstances were such as to make it an open question whether, in the exercise of *common prudence* (*having looked just before entering on the track*), he might *reasonably* have thought there was time to drive across in safety.   The same rule is applied to a pedestrian in *McQuisten* v. *Railway Co.*, 147 Mich. 67 (110 N. W. 118), where the plaintiff looked immediately before entering upon the track.   The case was a close one, but we declined to hold that it should have been taken from the jury.   It was distinctly put upon the ground that, if in common prudence he had *reasonable ground for thinking* that he had time to cross, he was not negligent.

Again, *Beck* v. *Railroad Co.*, 156 Mich. 252 (120 N. W. 983), was another close case.   The circumstances were peculiar, and the opportunity of looking immediately before going upon the track was absent by reason of box cars on an intervening track.   The plaintiff was alert and stopped at the last opportunity, a short distance from the track, and looked and listened.   He heard no train and saw no smoke, and a majority of the court thought

the trial court did not err in leaving the question of plaintiff's negligence to the jury. It was a close question, and we resolved doubts in favor of a submission of the question to the jury. We think it rightly decided. It falls short of laying down a rule for cases such as that before us now.

The crucial principle in this class of cases is that one who neglects to look for a car when there is an unobstructed view, just before entering upon the track, and is struck by a car before he can walk directly across, is guilty of a neglect of duty in not assuring or reassuring himself that there is not a car directly upon him, of which situation the fact that he is struck is conclusive proof.

We have never held that one may safely rely upon his belief that he has time to cross, or that he may prudently take a chance, and it is only when, after satisfying himself by looking and ascertaining where the car is, he may in the exercise of common prudence reasonably think that he can proceed with safety, that a court or jury may find an absence of negligence. We have held this to be the rule repeatedly, and the learned circuit judge understood the cases and applied the right rule. To say that there is no negligence where one believes he can cross in safety, would send every case to the jury, for we must presume that no one attempts to cross, doubting the safety of the attempt. But many are careless and absent-minded, and the question must turn on the reasonableness of the attempt to cross.

The duty of the court to direct a verdict when a *prima facie* case is not made out, *i. e.*, when all the evidence with proper inferences therefrom would be insufficient to support a verdict, is clear. A very full discussion of this question will be found in a note to the case of *People* v. *Insurance Exchange*, 2 L. R. A. 340, 341, where many cases from this and many other States are cited.

The judgment is affirmed.

MCALVAY and BROOKE, JJ., concurred. MOORE and BLAIR, JJ., concurred in the result.