MYRON D. CLARK ET AL. v. LUNDY F. MIKESELL.

*Fraudulent debtor—Proceedings for punishment of—Interest of justice of the peace—Plea in abatement—Waiver.*

1. A plea in abatement by a defendant proceeded against under the statute for the punishment of fraudulent debtors, which avers that the justice of the peace, before whom the proceedings are pending, is an interested party, and that he is the attorney of the plaintiffs in a pending replevin suit, which involves the title to

the property which the defendant is charged with having fraudulently concealed, assigned, and disposed of, is sufficiently certain; and a demurrer to such plea admits the truth of the facts charged, and under the provisions of How. Stat. § 6822, the justice is disqualified to act, and is ousted of jurisdiction.

2. In such a case if the justice is interested at the time the plea is filed he is disqualified under the statute, and the fact that the plea fails to aver that he was so interested at the time the warrant was issued is immaterial.

3. A plea of not guilty, or filing an affidavit denying the fraud charged *after* the overruling of the plea in abatement, is not a waiver of such plea, nor can such action be construed as an assent that the justice may proceed to try and determine the case.

Error to Eaton. (Hooker, J.) Argued May 6, 1890. Decided May 16, 1890.

Proceedings for punishment of fraudulent debtor under How. Stat. chapter 304. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Huggett & Smith,* for appellants, contended:

1. A plea in bar waives any objection to the jurisdiction of the court, which is affirmed by such plea; citing *Webb v. Mann,* 3 Mich. 139; *Ins. Co. v. Curtis,* 32 Id. 402; and where, after pleading in abatement, the defendant pleads in bar, he waives his first plea; citing *Burnham v. Webster,* 5 Mass. 266–268.

2. Conceding the arrest to be illegal, the justice obtained full jurisdiction when defendant pleaded to the merits, and the process became immaterial; citing *Miller v. Rosier,* 31 Mich. 475.

3. *Habeas corpus* was the proper remedy if defendant was convicted without jurisdiction; citing How. Stat. § 8769; *In re Teachout,* 15 Mich. 346; *Badger v. Reade,* 39 Id. 771; *Willison v. Desenberg,* 41 Id. 156; *In re Lee,* 49 Id. 629; *Hamilton's Case,* 51 Id. 174.

4. A plea in abatement must expressly state every fact necessary to support it, and exclude every thing that would defeat it if alleged on the other side. Inferences of the pleader are not admitted by demurrer; citing *Wales v. Jones,* 1 Mich. 254; *Findley v. People,* Id. 234; *Belden v. Laing,* 8 Id. 500; *Dubois v. Hutchinson,* 40 Id. 262.

5. The plea in abatement in this case is uncertain and demurrable, because,—

*a*—It does not show that the justice is attorney of record, or otherwise, in the *particular* replevin suit mentioned in the plea.

*b*—It fails to show the identity of DeGraff, the justice, and DeGraff, the attorney. Pleas to the jurisdiction must be certain, according to the most rigid rules of precision; citing *Heyman v. Covell*, 36 Mich. 157, 159.

*c*—It does not show that the justice was interested, or was such attorney, when the warrant was issued.

*d*—It is bad for duplicity, in that it states several distinct facts having no relation to, or dependence upon, each other; citing *Findley v. People*, 1 Mich. 234.

*e*—It does not show that the question of fraud, which is the sole question involved in the case at bar, is in any manner charged or involved in the replevin suit.

*D. P. Sagendorph,* for defendant, contended:

1. Upon the arrest of the defendant the proper way to object to the jurisdiction of the justice was by plea in abatement; citing How. Stat. § 6855; 1 Green's Pr. 205; *Webb v. Mann*, 3 Mich. 139.

2. If the justice was interested the proceedings were void, for it is conceded that defendant did not expressly, or in any other manner, consent to the justice taking jurisdiction of the cause, but pleaded to such jurisdiction, and the only question was one of fact, which the plaintiffs had the right to try, but the truth of which they conceded by their demurrer; citing *Clute v. Barron*, 2 Mich. 192; *Dwight v. Blackmar*, Id. 333; *People v. Overysell*, 11 Id. 226; *Stevenson v. Bay City*, 26 Id. 46; *Sheldon v. Rice*, 30 Id. 301; *Railway Co. v. Barnes*, 40 Id. 383.

3. If the justice was interested at the time the plea was filed, it is sufficient; citing *Walton v. Torrey*, Har. Ch. 259; *Whipple v. Circuit Judge*, 26 Mich. 342.

LONG, J. The facts in this case are briefly stated in the brief of counsel for appellants, as follows:

"This action was brought in a justice court under the provisions of chapter 304, How. Stat., entitled 'Punishment of Fraudulent Debtors.' The defendant was arrested under the warrant issued in the case, and brought before the justice. On appearing in court, instead of controverting the facts and circumstances set forth in the

affidavit for his arrest, or taking other measures as provided for by section 8756, a plea was filed purporting to be a plea to the jurisdiction of the justice, on the ground of interest. To this plea counsel for appellants filed a demurrer. On the hearing of the issue thus formed the demurrer was sustained. The defendant then filed a sworn statement denying, in a general way, that he had concealed or disposed of his property with intent to defraud his creditors, or that he had unjustly withheld his property from them. The case was tried before the justice without a jury, and, the defendant being found guilty of the charges made in the affidavit, his imprisonment, in pursuance of the statute, was ordered and determined by the court.

"An appeal was taken from this determination to the circuit court, under the provisions of section 8760, How. Stat. In the circuit court, counsel for the defendant claimed the right to have the issue on his plea to the jurisdiction of the justice reheard, and a determination thereon. The court allowed such rehearing, and determined that the plea was sufficient, and raised an issue of fact that defendant had a right to try, and that the demurrer should have been overruled. The case was thereupon, and without further proceedings, dismissed, and judgment was entered for defendant."

Counsel for plaintiffs claim that this action was erroneous, and that the judgment should be reversed. It is claimed that the plea in abatement is uncertain and insufficient, and demurrable, for various reasons. The plea, after the entitling in the court and cause, reads as follows:

"And the said Lundy F. Mikesell comes into court and prays judgment of the warrant in this cause, and that the same may be quashed, and says that the said justice of the peace of the said county of Eaton here has no jurisdiction of said cause, and ought not to take cognizance of the fraudulent disposal of this property by the said Lundy F. Mikesell, charged in the above complaint and warrant specified.

"Lundy F. Mikesell says that Parm S. DeGraff is an interested party to this suit; that he is an attorney for Albert A. Sprague, Otho S. A. Sprague, and Ezra J.

Warner, plaintiffs in a replevin suit now pending in the circuit court for the county of Eaton against Henry S. Hare and Alfred Hare, defendants, which involves the title of the said property complained of being fraudulently concealed, assigned, and disposed of by the said Lundy F. Mikesell with intent to defraud his creditors, and this the said Lundy F. Mikesell is ready to verify.

"Wherefore, inasmuch as the said Parm S. DeGraff is interested in the result of this suit, and that the said Lundy F. Mikesell cannot get justice in this court, he prays judgment of said cause, and that the same may be quashed."

This plea was verified as follows:

"STATE OF MICHIGAN, ⎫ ss.
    "County of Eaton, ⎬

" Lundy F. Mikesell, defendant in this cause, being duly sworn, says that the plea hereto annexed is true in substance and in matter of fact.

                    "LUNDY F. MIKESELL.

"Subscribed and sworn to before me this 26th day of December, A. D. 1888.

                " OSMAN CHAPPELL,
                    " Notary Public."

How. Stat. § 6822, provides that—

" No justice shall take cognizance of any cause, or do any judicial act, when he shall  *   *   *   have been of counsel, or shall be directly or indirectly interested in such cause or matter, unless the parties interested in such cause, or their agents or attorneys, shall, with full knowledge of such disability, expressly consent that such justice may take cognizance of such cause or do such act."

The plea is specific in its statement that the justice is an interested party, and also in its statement that he is the attorney of the plaintiffs named in a replevin suit now pending, which involves the title to the property which it is alleged the defendant had fraudulently concealed, assigned, and disposed of. By the demurrer these facts were admitted, and under the provisions of this statute the justice was disqualified to act, and was ousted of his jurisdiction.

It is said that the plea does not state that the justice was an interested party at the time the warrant issued. It does not matter whether he was then interested or that his interest arose subsequently. It was material to inquire of his interest in the suit at the time the plea was filed, and if then interested he was disqualified to hear the case. This was a special proceeding under the statute, but the defendant was subject to arrest and to imprisonment upon conviction of the fraud charged by the mode of procedure pointed out by the statute.

It is said that, the defendant having pleaded to the complaint and warrant after his plea in abatement was overruled, waived his first plea. This is not so. When the plaintiffs demurred they admitted the facts stated in the plea. These facts show that the justice had no jurisdiction to try and determine the offense, on the ground that he was an interested party, and also that he was acting as attorney for the parties who were contesting the title to the goods in controversy. Even if the justice might thereafter acquire jurisdiction of the matter, it could only be done by the express consent of the parties. The plea of not guilty, or the filing of an affidavit denying the fraud, cannot be construed as an assent that the justice may proceed and try and determine the cause.

After conviction before the justice the whole proceeding was removed to the circuit court by appeal. Section 8760, How. Stat., provides for such appeal.[1] When the case was brought to the attention of the circuit court it was held that the plea in abatement was sufficient, and raised an issue of fact that defendant had a right to try, and the demurrer was overruled and judgment entered for defendant. We see no error in this.

[1] This section gives to the circuit court full jurisdiction on appeal from actions for the punishment of fraudulent debtors, the same as that possessed by the officer before whom the proceeding was commenced.

The judgment must be affirmed, with costs.

CHAMPLIN, C. J., and GRANT, J., concurred with LONG, J.

CAHILL, J. I concur in the affirmance of this judgment, but I do so on the ground that the affidavit of arrest was not sufficient. I do not think that the justice is shown to have been disqualified by interest. The plea in abatement is not sufficiently certain.

MORSE, J., did not sit.

———————o———————

*Fraudulent debtor—Proceedings for punishment of—Interest of justice of the peace—Plea in abatement—Waiver.*

