KONIECZNY v. DETROIT & MACKINAC RAILWAY CO.

1. EVIDENCE—JUDICIAL NOTICE—CURRENT EVENTS.
The court may take judicial notice of the desperate situation in which the rural population and inhabitants of villages of northern Michigan were placed by forest fires in the fall of 1908.

2. Negligence—Contributory Negligence.

A deceased person is ordinarily presumed to have been in the exercise of due care, at the time of the injury resulting in his death.

3. Railroads—Negligence—Engineer—Operation of Trains.

Defendant's engineer was not shown by the proofs to have been guilty of negligence in attempting to run his train, carrying some residents of a village, out of a district threatened with forest fires, and in proceeding through a fire which burned up the cars and some of the passengers; plaintiff failing to sustain the burden of proof by evidence that the engineer adopted the wrong course, or did not act for the best, upon the information he had.

4. Same.

And the evidence was insufficient to show that liquor which he drank contributed to the disaster, where it was not shown that he was in anywise intoxicated, or failed by reason of it to comprehend his danger and the means of avoiding it.

5. Same.

Nor was it negligence to take the passengers from the village, which later burned, in an effort to protect them, or to fail to leave them in a place of safety, or warn them of the danger ahead.

Error to Presque Isle; Emerick, J. Submitted November 30, 1910. (Docket No. 130.) Decided December 22, 1910.

Case by John Konieczny, administrator of the estate of Eufrozyna Konieczny, against the Detroit & Mackinac Railway Company for the alleged negligent death of his intestate. A judgment for defendant is reviewed by plaintiff on writ of error. Affirmed.

*I. S. Canfield* ( *Charles F. Hull*, of counsel ), for appellant.

*James McNamara* and *Charles R. Henry* ( *Guy D. V. Henry*, of counsel ), for appellee.

Hooker, J. The plaintiff and his wife were residents of the village of Metz near Alpena, previous to its de-

struction by the forest fires, which swept and desolated that region in 1908. We may take judicial notice of the desperate situation in which the rural population and the inhabitants of the new and small villages of that section were placed. It is also plainly shown by this record.

It appears beyond and without dispute that on October 15, 1908, the village of Metz was in great danger of destruction, and that in spite of vigorous efforts to prevent, the fire from the woods burned it up, leaving not a shanty standing. This occurred toward night, and a short time after the train of the defendant departed from the village.

The defendant's railway from Detroit to Mackinac passes through Metz. On the day mentioned messages were sent from Metz and other stations to Mr. Luce, the superintendent of this railroad, advising him that the inhabitants of Metz were in imminent danger. The south-bound local freight was at La Rocque, a station five or more miles north of Metz, and its conductor received the following message from Luce:

"Take your engine and way car and go to Metz at once to assist people in danger from fire. C. W. Luce."

He immediately released his engine and "ran light" to Metz with his crew of engineer, fireman, and two brakemen. On their arrival the engine was coupled to several cars, including a gondola. Some of the railroad property was hastily put into a box car, and some of the citizens loaded on some of their personal property. Many persons climbed into the gondola, and the train started south for Posen, distant about 10 miles. The conductor was at the rear of the train. At Nowicki's crossing, a mile and a half from Metz, the train encountered fire, the rails warped or spread, and the train was destroyed with about 20 persons, among whom were the engineer, fireman, and the plaintiff's wife and three children. The plaintiff was a saloon keeper at Metz, and at the time was engaged in the attempt to prevent the fire from reaching Metz. This action was brought by him as administrator of his de-

ceased wife to recover damages for her loss to him.
Negligence is charged. The jury found a verdict for the
defendant, and plaintiff has appealed.

The negligence alleged, as set forth in plaintiff's brief, is:

"(1) That defendant allowed its engineer and other
trainmen to drink intoxicating liquors and thereafter to
run and manage the train in question.

"(2) That defendant was negligent in employing an
engineer and other trainmen, and put them in charge of
said train who would and did drink intoxicating liquors to
excess or at all.

"(3) That defendant was negligent in not giving plain-
tiff's decedent warning that it was about to run the train
on which she was riding between the piles of burning
forest products.

"(4) That defendant was negligent in not leaving her in
a place of safety.

"(5) That defendant was negligent in running its said
train while plaintiff's decedent was riding thereon, into a
place where the track was covered by fiercely burning
flames of fire."

The brief states that:

" The errors assigned cover four grounds:

"*First.* (*a*) That defendant was allowed to show that,
shortly before the trial, plaintiff had remarried. (*b*) That
the court did not strike out all testimony relating to plain-
tiff's subsequent marriage.

"*Second.* That the court refused to submit the ques-
tion of the effect on the engineer, fireman, and brakeman
of having drank intoxicating liquors and afterwards in
the running and management of the train.

"*Third.* The charge of the court in submitting the
case to the jury in effect that they must find, before plain-
tiff could recover, that defendant's engineer was guilty of
having acted recklessly, wantonly, and wilfully in run-
ning the train between the burning piles of forest prod-
ucts.

"*Fourth.* That the court used the words 'recklessly,
wantonly, and wilfully,' in charging the jury, without
defining and explaining their legal meaning and import."

The defendant's counsel were allowed to show by cross-

examination of plaintiff that he had married again since the accident.

There is no testimony in the case that tends to prove negligence on the part of any of the crew. The testimony shows that they had no personal knowledge of the condition of the forest fires south of Metz, except what could be seen as the train proceeded. It was through a country filled with smoke. The engineer slowed down his train as he approached the place of the catastrophe, apparently having it under control. We cannot tell what he saw or why he proceeded. Were his own administrator a party plaintiff in an action against this defendant, the presumption of the law would be that he was not negligent under the rule laid down in the case of *Underhill* v. *Railway Co.*, 81 Mich. 43 (45 N. W. 508). There is not only such a presumption here, but the burden is upon the plaintiff to affirmatively prove that the engineer was negligent in attempting to proceed. It is common knowledge that engineers sometimes find themselves in situations with trains where they must decide between two dangers, and not only that, but must decide instantly. We do not know, and plaintiff has offered no testimony tending to show, that the engineer was negligent, or that he did not do the best thing to be done from the information he had. His own life was in the balance, and he lost it.

Apparently plaintiff's counsel relied principally on the fact that the engineer drank some beer and whisky while at Metz. There is no proof that the engineer's judgment was in any way affected by liquor or that it had anything to do with his conduct or ability to fully and intelligently comprehend his dangers, and decide upon the proper thing to do. No one testified that he showed signs of intoxication, and several witnesses testified that all of the crew were sober. In short, there is nothing to justify an inference that the beer or whisky was in any way the cause of or contributed to this unfortunate outcome of a charitable and heroic effort to save life.

The suggestion that it was negligence to take these peo-

ple from a place of safety, or not to leave them in a place of safety, or to warn them of the danger ahead, is without force.    A verdict might properly have been directed for defendant.

The judgment is affirmed.

OSTRANDER, MOORE, McALVAY, and BROOKE, JJ., concurred.