HENRY A. UNDERHILL, ADMINISTRATOR, ETC., v. THE
CHICAGO & GRAND TRUNK RAILWAY COMPANY.

*Contributory negligence—Directing verdict.*

If there is any conflict in the testimony in a negligence case,
either as to the defendant's negligence or the contributory
negligence of the person killed or injured by such negligence, the
case must go to the jury; but if, upon either one of these points,
there be no conflict, then it becomes a question of law, and a
verdict should be directed; citing *Mynning v. Railroad Co.*, 64
Mich. 93.

Error to Eaton. (Hooker, J.) Argued May 6, 1890.
Decided May 16, 1890.

Negligence case. Plaintiff brings error. Affirmed.
The facts are stated in the opinion.

*Huggett & Smith*, for appellant.

*Phillip T. Van Zile* and *Geer & Williams*, for defendant.

CHAMPLIN, C. J.  On July 4, 1887, as Mrs. Sophronia
Underhill was driving a horse and carriage across defend-
ant's road, she was struck by the engine of a passenger
train, and instantly killed. This action is brought to
recover damages for the killing, and is based upon the
negligence of defendant in running its train at a high
rate of speed across the public highway without having
given the signals required by statute. The plaintiff's
intestate was driving south on the public highway at
about 6 o'clock P. M., in a top buggy. It was raining
slightly at the time. The line of the railroad crossed the
highway in a north-easterly direction, the angle between

81   43
90   598
90   620

81   43
114   416

81   43
f121   586

81   43
127   203

81   43
128   101

81   43
s45NW   508
129   484

81   43
s45NW   508
132   110

81   43
153   47

81   43
157   166

the two roads being 60 degrees. The train was going east.

The plaintiff, to prove the defendant's negligence, introduced a number of witnesses, who testified as to the speed of the train as being from 40 to 100 miles an hour; and also, by the same witnesses, that they did not hear the whistle sounded or bell rung before the train reached the crossing. He also introduced testimony showing certain obstructions to the view of a person approaching the railroad from the north on the highway. It was shown that the regular mail train had passed the station about a half hour before, and that this passenger train was following in the same direction. A freight train had just taken the siding which left the main track 72 feet west of the highway crossing. The plaintiff introduced no testimony showing what care and caution the intestate exercised in approaching the crossing, nor was it shown whether she stopped her horse and looked or listened.

Upon the case as the plaintiff left it at the close of his testimony, the jury might have inferred that deceased approached the track with due care, and stopped and looked and listened at the proper distance from the track, and, hearing and seeing no train, and hearing no signal of an approaching train, acted as a prudent person would in attempting to cross the track. Upon the testimony so placed before the jury, upon the plaintiff's showing, the case should have been submitted to the jury. But the facts were not left in that state. The defendant showed by the testimony of the fireman that he saw Mrs. Underhill approaching the track at a distance of about 50 feet from the track, driving south on a little trot. By her actions, he thought she was trying to get across the track ahead of the train. She was "slashing" the horse with the lines. She did not seem to pay any attention to the train, which was then about three or four hun-

dred feet west of the crossing. He at once notified the engineer, who immediately applied the air-brakes, and did all he could to stop the train; and it was brought to a stop about 40 feet east of the crossing.

This testimony bore directly upon the contributory negligence of the deceased, and was undisputed. The rule is, if there is any conflict in testimony, either as to the negligence of the defendant or the contributory negligence of the person killed or injured by the negligence of the defendant, the case must go to the jury. But if, upon either one of these points, there be no conflict, then it becomes a question of law, and the case should be taken from the jury. *Mynning v. Railroad Co.*, 64 Mich. 93.

As the case stood, the testimony upon the contributory negligence of the deceased was undisputed, and showed that she was guilty of contributory negligence which precluded a recovery; and the case was rightly taken from the jury.

The judgment is affirmed.

LONG, GRANT, and CAHILL, JJ., concurred. MORSE, J., did not sit.