JOHN GARDNER v. THE DETROIT, LANSING &. NORTHERN RAILROAD COMPANY.

*Railroad companies—Injury at crossing—Contributory negligence.*

1. A railroad track is, of itself, a notice and warning of danger, and it is the duty of persons approaching a crossing to look and listen before venturing upon it; citing *Matta v. Railway Co.*, 69 Mich. 112.[1]

2. Plaintiff is held to have been guilty of such negligence in not looking in the direction of the approaching train, by which he was injured, when within five feet of the railroad track, and

---

[1] See *Mynning v. Railroad Co.*, 59 Mich. 257, holding that the above rule applies equally to a side track as to the main line.

when, if he had looked, his view would have been unobstructed for a distance of 250 feet, as to bar a recovery.[1]

Error to Ionia. (Smith, J.) Argued April 26, 1893. Decided October 27, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Charles B. Lothrop,* for appellant.

*F. D. M. Davis* and *George E. Nichols,* for plaintiff.

LONG, J. Plaintiff had verdict and judgment on the trial in the court below for negligent injuries. Defendant brings error, and insists that, under the plaintiff's own testimony and the special findings of the jury, the judgment should have been entered for defendant.

It appears that the defendant company operates its line of road through the city of Ionia. The tracks, seven in number, cross what is known as "Depot Street." This street leads to the Detroit, Grand Haven & Milwaukee depot, and is a common thoroughfare, used and traveled by a large number of people daily, and has sidewalks upon either side, crossing over defendant's tracks. These seven tracks are parallel as they cross the street, and one is the main track. There is a switch track beginning about 15 feet east of the sidewalk on the east side of this street, running east, and north of the defendant's warehouse. The main track is the most northerly one where it crosses Depot street, but easterly it crosses several of the switch

---

[1] For cases bearing upon the duty of looking and listening before crossing a railroad track, see *Groslick v. Railroad Co.*, 90 Mich. 594, and cases cited in head-note; *Klanowski v. Railway Co.*, 64 Mich. 279; *Guggenheim v. Railway Co.*, 66 Id. 150; *Cooper v. Railway Co.*, Id. 261; *Thomas v. Railway Co.*, 86 Id. 496; *Richmond v. Railway Co.*, 87 Id. 375; *Graf v. Railway Co.*, 94 Id. 579; *Van Auken v. Railway Co.*, 96 Id. 307; *Shufelt v. Railroad Co.*, Id. 327.

tracks to the south. The tracks that lie south of the main track are almost constantly filled with cars, both east and west of Depot street; which are being constantly moved and handled by yard engines. In fact, the space both east and west of Depot street is used as the defendant's yard.

On the afternoon of March 6, 1891, the plaintiff was walking along the sidewalk on the east side of Depot street, to the Detroit, Grand Haven & Milwaukee depot, to take a train on that road, and, as he stepped upon the main track, he was struck by one of defendant's passenger trains, and permanently injured.

The negligence claimed in the declaration is that the train was running at an unlawful rate of speed, and that no bell or whistle was sounded, and that plaintiff's view was obstructed by the cars on the side track, so that he was unable to see down the main track. Plaintiff's testimony tended to substantiate the claim that no bell or whistle was sounded. It is also claimed that his testimony tended to show that he was in the exercise of due care. He testified that he came down the west side of Depot street towards the depot, where he intended taking the train, to the Dexter-house corner; that there he crossed over to the east side of the street, and turned again towards the depot. As he turned to go south again on Depot street, he had a view down the track, but neither saw nor heard a train. As he proceeded south his view was entirely obstructed by freight cars standing on the switch track east, and just as he passed out from behind those freight cars his hat blew off. He took one more step, when he could see east down the main track. Looking to the east, he claims he saw no train; that at this moment his attention was diverted by a switch engine, which was on the other side of the street and south of him, ringing its bell

and blowing off steam; and he thought he then took one step more, so that he was on the south side of the track, and at this point he was struck. He testified that before getting to this main track he looked to see whether there was a train coming, and saw this switch engine playing backward and forward, making considerable noise; that he was not familiar with the tracks, or the particular use of any, but knew that there were several tracks there, but knew nothing of any train coming, and was struck upon the first track he came to, and just as his foot was over the south rail.

After the evidence was all in on the part of the plaintiff, defendant's counsel rested, and asked an instruction that the plaintiff's own testimony showed him guilty of contributory negligence. This instruction was refused; and defendant's counsel then asked that the following special questions be submitted to the jury:

"1. Was not the end of those box cars which was nearest to Gardner 100 feet from the crossing where Gardner was when he crossed the street?

"2. Was not the south-west corner of the box car nearest Depot street at least five feet from the north rail of defendant's main track?

"3. Could not Gardner, at any point on the walk when he was walking between the north rail of defendant's main track and a point five feet north of said rail, if he had looked to the east, have seen east on the main track for at least a distance of 250 feet?

"4. Did Gardner look east after he had got to a point where he had an unobstructed view of the main track?"

These questions were submitted, and each answered in the affirmative, and the jury rendered a verdict in favor of the plaintiff for $4,400. Defendant's counsel, upon this testimony and the answers to the special questions, asked for judgment in favor of the defendant. This was refused, and judgment was entered on the general verdict in favor of the plaintiff.

We think the court below should have entered judgment for defendant upon the plaintiff's own testimony and the findings of the jury. It was found that when the plaintiff was within five feet of the north rail he could, if he had looked, have seen eastward on the track a distance of 250 feet. There was nothing to obstruct his view if he had looked. The court let the case go to the jury on the ground that the plaintiff's attention was diverted from the east by the switch engine, and therefore he might be excusable for not looking. It is apparent, from plaintiff's own testimony, that he was not exercising due care in going over these tracks. A railroad track is, in itself, notice and warning of danger, and we have repeatedly held that it is the duty of a person approaching a crossing to look and listen before venturing upon it. *Matta v. Railway Co.*, 69 Mich. 112.

In the case of *Kwiotkowski v. Railway Co.*, 70 Mich. 551, Mr. Justice MORSE, speaking for the Court, said of plaintiff's intestate:

" We cannot avoid the conclusion that the deceased did not look up or down the track, as he should have done, after passing the wood-office. If he had so looked, he must certainly have noticed the head-light of this approaching train. If he did look, he must have been careless,. and attempted to cross the track when he should not have done so."

In that case it was shown that a person, after passing the office, could look up or down the track about a block, and yet the deceased passed upon the track, and was struck by the train, and killed. The court below directed verdict for the defendant, and it was affirmed in this Court.

This case is similar in principle. It was broad day-light, and, when within five feet of the north rail of the track, it is undisputed that the plaintiff could see 250 feet east along the main track. No one disputes that, if he had but looked, he certainly would have seen the train. It is

evident, therefore, that he did not look, or, if he did, he saw the train, and carelessly attempted to cross in front of it; and in either case he was guilty of such negligence as to preclude a recovery. *Brady v. Railroad Co.*, 81 Mich. 616; *Pzolla v. Railroad Co.*, 54 Id. 273; *Grostick v. Railroad Co.*, 90 Id. 594. If the plaintiff's attention was diverted by the switch engine, as he claims, it is no excuse for not looking for the approach of a train. He was to pass a dangerous point. He knew there was danger there. He was bound to exercise that degree of care that the situation and surroundings demanded of a prudent and careful person. If the switch engine was making a noise by its bell and by letting off steam, it, at least, was not an obstruction to his view to the east, and it is not so claimed. If he had looked eastward, he would have seen the train before he stepped upon the track. The ringing of the bell and the blowing off of steam from the switch engine did not relieve him from the duty of looking in the other direction. One look eastward, and one less step taken, and he would not have been upon the track. Upon any theory of the case, it was the duty of the court to direct the verdict in favor of the defendant.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.