BRAUDY *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

RAILROAD COMPANIES—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

One who is struck by a train while attempting to walk across a railroad track is guilty of contributory negligence, precluding a recovery for the injury, where the train was in plain view after he had reached a point six feet from the track.

Error to Kent; Adsit, J. Submitted October 23, 1895. Decided November 19, 1895.

Case by Max Braudy, administrator of the estate of William Koehn, deceased, against the Detroit, Grand Haven & Milwaukee Railway Company, for the alleged negligent killing of plaintiff's intestate. From a judgment for defendant upon verdict directed by the court, plaintiff brings error. Affirmed.

*Gustave A. Wolf,* for appellant.

*Geer & Williams (E. W. Meddaugh,* of counsel), for appellee.

LONG, J.  Plaintiff's intestate was killed by a train
upon defendant's road at its crossing at Grand avenue,
in the city of Grand Rapids.  This action is brought to
recover damages upon the ground that defendant was
negligent in not having a flagman or gateman at the
crossing, and that it was running its train at a high rate
of speed without sounding its bell or whistle.

It appears that the deceased, a man about 48 years
of age, about 5:30 p. m. of January 7, 1895, was walking
north on the east side of Grand avenue.  As he approached
the railroad crossing, his view was obstructed by a high
fence about a wood yard extending along the street, until
he came to the defendant's right of way, about 55 feet
in width before reaching the tracks of defendant's
road.  A side track extended along the main line upon
the side from which decedent was approaching.  Upon
this side track stood two cars, about 50 feet east of
Grand avenue; the first one a box car about 12 feet high,
and the other a coal car about 6 feet high.

The plaintiff's theory was that by reason of this
obstruction to decedent's view he could not see the
approach of the train; that he was lured into this place
of danger by the failure to ring the bell or blow the
whistle, and that as he reached the track he probably,
on the impulse of the moment, and under the sudden
danger in which he was placed, made an effort to cross
the track, and, by reason of the great rate of speed at
which the train was approaching, was struck and killed;
and that the running of the train at a rate of speed from
35 to 40 miles per hour was willful and reckless.

The only witness to the accident was the fireman
on the engine, who testified:

"As we approached Grand avenue within a short dis-
tance, I saw a man walking across the highway leisurely,
seemingly unmindful of what he was doing.  When I
first saw him he was just stepping inside the rail; had
one foot on the outside, and making a step forward to
step inside the rail, between both rails."

The track of the defendant's road at this point was comparatively straight as it extended eastward, and an approaching train from the east could be seen for a distance of 80 rods as decedent arrived at defendant's right of way. There was a headlight upon the engine, and the only obstruction to his view was the two cars standing upon this side track. As he passed beyond these cars, it is admitted, there was a space of six feet where his view was wholly unobstructed by the track, before he reached the rail of the main track; and it is apparent that, had he looked in that direction, he would have seen the approaching train. If he looked and saw the train, he was negligent in attempting to cross in front of it; if he did not look, then he was in fault in going into this place of danger without taking that precaution. The contention that he was lured into the place of danger by the negligence of the company, and would not therefore be in fault if he did not take the necessary precaution to save himself from injury, has no force. It is true that cases have arisen where persons, in driving their teams towards and upon crossings, have been put in a place of danger by the negligence of railroad companies, and that such persons have been permitted to recover upon the theory that they could not be said to be negligent in not taking the least hazard; but that rule is not applicable to this case. Here the decedent was on foot, and was in safety at the point where he passed the two cars upon the side track, and, as has been stated, had he looked, must have seen the approaching train. The case falls so clearly within the rule of this court in *Gardner* v. *Railroad Co.*, 97 Mich. 240, that further discussion is unnecessary.

The court below directed verdict and judgment in favor of the defendant, and that judgment must be affirmed.

The other Justices concurred.