### CHICAGO, R. I. & P. RY. CO. v. POUNDS.

(Circuit Court of Appeals, Eighth Circuit. August 2, 1897.)

No. 784.

RAILROADS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

A deaf man who drives upon a railroad crossing, where the view is unobstructed, when a freight train is approaching at a high rate of speed, in plain sight, and so close that it cannot be stopped in time to prevent a collision, cannot recover for injuries sustained thereby.

In Error to the United States Court of Appeals in the Indian Territory.

M. A. Low and W. F. Evans, for plaintiff in error.

W. B. Johnson and A. C. Cruce, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This case comes on a writ of error from the United States court of appeals in the Indian Territory. The suit was brought by C. S. Pounds, the defendant in error, against the Chicago, Rock Island & Pacific Railway Company, the plaintiff in error, to recover damages which he had sustained by coming into collision with one of the defendant's freight trains at a road crossing in the town of Marlow, in the Indian Territory. The plaintiff below recovered a judgment in the trial court against the railway company for the sum of $5,050. On an appeal taken by the defendant company to the United States court of appeals in the Indian Territory, the judgment of the trial court was affirmed. 35 S. W. 249. The case was brought to this court by the defendant company, and the question for decision is whether the trial court should have given a peremptory instruction to the jury to return a verdict for the defendant. The judges of the United States court of appeals in the Indian Territory were divided in opinion on this question; one of them voting in the affirmative, and the others in the negative.

The material facts in the case, concerning which there was no controversy, are as follows: On the day of the accident the plaintiff drove into the town of Marlow, from the south, with a load of wood, over a road which ran parallel with the defendant's railroad track, on the east side thereof, and in close proximity thereto, for a considerable distance south of the station. As the plaintiff entered the

town, driving along said road, a through freight train was also approaching the town from the south over said track, at the rate of about 25 or 30 miles per hour. At a point within the town the road in question turned at right angles to the west, and crossed the defendant's railroad track about 100 feet south of the station. When the plaintiff, following this road, reached the crossing, his vehicle was struck by the freight train. For some time before the plaintiff reached the point where the road turned west, and until he went upon the track at the crossing, the freight train was in plain view, and might have been seen by him at any moment, had he simply turned his head and looked down the track. When the plaintiff turned west to cross the track, the train was still from 300 to 500 yards south of the crossing, and was seen by every one in his vicinity who looked in the direction from which the train was approaching. No one who witnessed the accident saw the plaintiff look in the direction from which the train was coming at any time, either before or after he reached the turn in the road; but the plaintiff testified, in substance, that as he reached the turn he looked south, but did not see any train, and could not see down the track more than 300 yards, to a place where a fence approached the track, because the wind raised a cloud of dust which obstructed his view beyond that point. He did not claim that he again looked down the track before driving upon the crossing, although it was about 50 feet from the turn to the crossing. The usual crossing signals were given by the engineer when the train was about one-half of a mile south of the station, and as soon as the engineer discovered that the plaintiff was about to drive over the crossing he sounded the stock-alarm whistle, and made strenuous efforts to stop the train by applying the air brakes and the driving brakes. The plaintiff had been deaf for some years, and did not hear these signals. The accident occurred in broad daylight.

In view of these undisputed facts, we think that the trial court should have directed the jury to return a verdict for the defendant. The doctrine is too well settled to admit of controversy that a person is guilty of culpable negligence if he walks or drives upon a railroad crossing in close proximity to an approaching train, which is in plain view, and might have been seen for a considerable distance before he reached the track. The precautions which a person traveling upon the highway must take when he approaches a railroad crossing are so well defined that it is no longer the province of a jury to decide whether such person was guilty of negligence, in those cases where it is obvious that in approaching the crossing he failed to look up and down the track as he might have done, and thereby avoided all risk of injury. It is universally conceded that a person omits not only a reasonable but a necessary precaution when he drives upon a railroad crossing, at a place where his view is unobstructed, without looking along the track with sufficient care to ascertain with certainty whether a train is coming from either direction. A railroad track is in itself a warning of danger, because trains may be expected to pass at any moment. Therefore the courts have repeatedly declared that a person is, as a matter of law, guilty of contributory negligence if he drives upon a crossing without making a vigilant use of

his senses of sight and of hearing.    If either of these senses is impaired, or for any reason cannot be exercised to advantage, he ought to be more vigilant in the use of the other.    Railroad Co. v. Houston, 95 U. S. 697; Pyle v. Clark (decided by this court at the present term) 25 C. C. A. 190, 79 Fed. 744, and cases there cited; Salter v. Railroad Co., 75 N. Y. 273; Railroad Co. v. Miller, 25 Mich. 274; Railway Co. v. Garcia, 75 Tex. 583, 13 S. W. 223; Beach, Contrib. Neg. § 63.    The application of these principles to the case at bar demonstrates, we think, that it should have been withdrawn from the jury, inasmuch as it was clearly shown, and was not denied, that for more than 200 yards before the plaintiff reached the railroad crossing he was in plain view of the aproaching train, and could have seen it by making the slightest exertion.    It is suggested, however, that there was evidence tending to show that at one point, about 50 feet from the crossing, the plaintiff did glance down the track, but failed to see the train, and that such testimony rendered it necessary for the jury to determine whether he exercised due care.    There are two answers to this suggestion:    In the first place, it seems physically impossible that the plaintiff could have looked at the point indicated without seeing the train, which was then in plain view, and was seen by every one else in his vicinity.    Artz v. Railroad Co., 34 Iowa, 153, 159.    In the second place, if we concede that he did look, and did not see the train because there was a cloud of dust about 300 yards south of the station, then, under such circumstances, he should have looked again before venturing on the crossing, or into such close proximity thereto as to render his situation dangerous.    It is further suggested that there was testimony tending to show that the speed of the train was slightly checked at a point some distance south of the station, and somewhat increased as it approached the crossing, about the time that the stock alarm was sounded; and on the strength of such testimony it is urged that the jury were at liberty to find that the train might have been stopped in time to avoid the injury, after the engineer became aware that the plaintiff did not hear or see the train, and was about to pass over the track.    With reference to this contention, it is only necessary to say that we find no testimony in the record which tends to show that the trainmen could have stopped the train after they became aware that the plaintiff intended to drive over the crossing in advance of the train.    No witness expressed the opinion that it was possible to have stopped the train after the engineer became aware that there was danger of a collision.    There was abundant testimony that every effort was made by the engineer to stop it at the time last indicated, and that such efforts failed, while there was no evidence to the contrary.    Moreover, as the train was in plain view of the plaintiff at every moment before he drove upon the track, and as it was incumbent upon him to keep a diligent outlook until he was safely over the crossing, the injury which he sustained would, in any event, appear to be due in part to his own negligence.    For these reasons the judgment of the United States court in the Indian Territory and the judgment of the United States court of appeals in the Indian Territory are each reversed, and the cause is remanded to the former court for a new trial.