OSBORN v. DETROIT, GRAND HAVEN & MILWAUKEE RAIL-
WAY CO.

RAILROADS — ACCIDENT AT CROSSING — OBSTRUCTIONS TO VIEW—
CONTRIBUTORY NEGLIGENCE.

A driver who, because of the sun, is unable to see whether a
train is coming, is bound to stop and listen before attempting
to cross a railroad track.

Error to Ionia; Davis, J. Submitted November 3, 1897.
Decided November 23, 1897.

Case by Lucy L. Osborn against the Detroit, Grand
Haven & Milwaukee Railway Company for personal in-
juries. From a judgment for defendant on verdict
directed by the court, plaintiff brings error. Affirmed.

*Chaddock & Scully* and *A. A. Ellis*, for appellant.

*L. C. Stanley* (*E. W. Meddaugh* and *Geer & Wil-
liams*, of counsel), for appellee.

HOOKER, J. The plaintiff was injured upon a highway
crossing of defendant's railroad. The uncontradicted tes-
timony shows that, for a distance of 50 feet back from the
railroad, the train was plainly visible, yet it was not seen,
according to the plaintiff's testimony, until the horse was
upon the crossing, and the engine within 20 feet. The
only excuse for not seeing it is that looking in that direc-
tion would be looking towards the sun. Where a train
cannot be seen, by reason of obstructions, it is the duty
of the drivers to stop and listen before attempting to cross
a railroad. It is very improbable that a train of cars
could have approached within 20 feet, without being seen
or heard, if the plaintiff and her companion had been
usually attentive, when others near by saw and heard it
for over a mile; but if, as the plaintiff says, she looked

down the road, but could not see whether the train was coming or not by reason of the sun, they should have taken other measures to know that they might safely attempt to cross. The case is within the principle of *Richfield* v. *Railroad Co.*, 110 Mich. 406.

The judgment is affirmed.

The other Justices concurred.