TUCKER *v.* CHICACO & GRAND TRUNK RAILWAY CO.

1. RAILROADS—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.
   Plaintiff stopped his horses 93 feet from a railroad crossing, and looked and listened, but neither saw nor heard an approaching train. He did not look again, but told his 15-year-old daughter to keep watch, and she appeared to him to be doing so. They were struck by a train which must have been visible to the daughter, had she looked, from any point within 75 feet of the crossing. The statutory signals, it was claimed, were not given. *Held,* that plaintiff could not recover.

2. SAME—LATE TRAIN.
   The fact that one approaching a railroad crossing knows that it is not the scheduled hour for any train does not relieve him of the duty to look and listen, he being chargeable with notice that trains often run behind scheduled time.

Error to Eaton; Smith, J. Submitted November 14, 1899. Decided December 2, 1899.

Case by Servetus H. Tucker against the Chicago & Grand Trunk Railway Company for personal and other injuries. From a judgment for plaintiff, defendant brings error. Reversed.

About three-quarters of a mile westerly of Bellevue station, plaintiff, while riding in a top buggy drawn by two gentle horses, with its sides and back closed, was struck upon the highway crossing by the defendant's fast train, running at the rate of from 45 to 55 miles an hour. His daughter (15 years old) and his horses were killed, and he was seriously injured. For this injury he brought suit, and recovered a verdict upon the ground that the statutory signals were not given. Defendant's roadbed runs in a south-westerly direction. The highway approaches it from the north and east at an acute angle. Plaintiff was driving westerly, and the train was westward bound.

Plaintiff testified that, when about 93 feet from the track, he stopped, looked, and listened, and neither heard nor saw a train; that he walked his horses a few feet, and then started them in a trot at a gait of about 5 miles an hour, and neither saw nor heard the train, nor heard any signals, before he was struck; that he sat upon the right of the buggy, and his daughter upon the left, towards the approaching train; that he was familiar with the crossing, and regarded it as a dangerous one; that he told his daughter to keep watch; that she leaned forward, with one hand on the dashboard, looked in the direction of the approaching train, but gave no notice to him of its approach; and that the hearing and the eyesight of both were good. It is demonstrated by the plaintiff's own evidence that, at a point 100 feet northerly in the highway from the center of the track, one could see a man on the track 825 feet easterly of the crossing, and a train or engine 1,073 feet from the crossing. According to the defendant's testimony, from actual experiments, the train would be visible for about 1,500 feet. It is also conclusively established that, at any point in the highway within 75 feet of the crossing, the train was plainly visible as far as the station.

*E. W. Meddaugh* (*Geer & Williams*, of counsel), for appellant.

*Powers & Stine*, for appellee.

GRANT, C. J. (*after stating the facts*). Plaintiff himself did not look or listen while going 93 feet. A look at any time within 75 feet would have disclosed the coming train. Either his daughter did not look, or, if she looked, gave no warning. That she could have seen is unquestioned, for there was nothing to obstruct her vision. Defendant was running its cars at a lawful rate of speed. It was in the country. There was no occasion for slacking speed until some danger was apparent. The fact that the train was late is immaterial. Travelers are charged

with notice of the fact that trains are often behind time, and their duty to look and listen is not lessened by the fact that the schedule time of a train is past.    The case is clearly within the following decisions: *Grostick* v. *Railroad Co.*, 90 Mich. 594; *Gardner* v. *Railroad Co.*, 97 Mich. 240; *Osborn* v. *Railway Co.*, 115 Mich. 102.    In those cases other authorities are cited.    See, also, *Artz* v. *Railroad Co.*, 34 Iowa, 153; *Pittsburgh, etc., R. Co.* v. *Fraze*, 150 Ind. 576 (65 Am. St. Rep. 377); *Chicago, etc., R. Co.* v. *Pounds*, 27 C. C. A. 112, 82 Fed. 217; *Southern R. Co.* v. *Smith*, 30 C. C. A. 58, 86 Fed. 292 (40 L. R. A. 746).

Judgment reversed, and a new trial ordered.

The other Justices concurred.