### MILLER v. TOWNSHIP OF MEADE.

1. HIGHWAYS — DEFECTS — CAUSE OF ACCIDENT — QUESTION FOR JURY.

    Plaintiff's decedent, a boy 11 years of age, and accustomed to driving, was driving a steady team attached to a wagon loaded with lumber, on which he sat. Plaintiff was driving a similar team and load immediately in advance of that driven by decedent. At a jog in the highway on which they were traveling, there was a culvert, which formed a part of the highway ditch in an intersecting road. From the top of the culvert to the roadbed there was an abrupt drop of six inches; and it was claimed that, by reason of the jog in the highway, it was necessary for the horses to begin turning before the wagon had passed the culvert. Decedent was run over and killed at this place. No one saw the accident, but it was discovered immediately thereafter. Plaintiff testified that his wagon lurched violently when it left the culvert. Just before the accident, decedent's team was going along in an orderly manner, and it stopped without evidence of fright soon after decedent was run over. *Held*, that it was for the jury to say whether decedent was shaken from the wagon by reason of the faulty condition of the culvert.

2. SAME — CONTRIBUTORY NEGLIGENCE.

    Whether decedent was in the exercise of due care was also a question for the jury.

3. SAME — PREVIOUS KNOWLEDGE OF DEFECT.

    The fact that plaintiff (decedent's father) had noticed the dangerous condition of the culvert on crossing the same a few hours previous to the accident, but forgot to warn decedent thereof, did not conclusively establish contributory negligence on the part of plaintiff.

4. SAME—WITNESSES—OPINION EVIDENCE.
  Witnesses familiar with the locality, and with the use of wagons, were competent to testify as to the necessity for a wagon coupled for 16-foot lumber to begin turning while on the culvert.

5. INFANTS—ACTION FOR DEATH—VALUE OF SERVICES—EVIDENCE.
  In an action for the wrongful death of an infant, persons acquainted with the decedent are competent to testify as to the value of his services.

Error to Huron; Beach, J. Submitted June 5, 1901. Decided July 19, 1901.

Case by Mathias K. Miller, administrator of the estate of Felix Miller, deceased, against the township of Meade, for the wrongful death of plaintiff's intestate. From a judgment for plaintiff, defendant brings error. Affirmed.

*Hiram L. Chipman* (*Bacon & Yerkes*, of counsel), for appellant.

*W. T. Bope*, for appellee.

HOOKER, J. The plaintiff's son, 11 years of age, was driving a steady team before a wagon heavily loaded with lumber, upon which he sat. The plaintiff had left him a short time before to drive the team, while he should ride with a man employed by him in driving a similar team and load immediately in advance of that driven by the boy. At the place in the highway where the accident involved herein occurred, there was a culvert, which formed a part of the highway ditch in an intersecting road. There was a jog in the highway upon which these persons were traveling, which it is claimed made it necessary for the horses to begin turning before the wagon had passed the culvert. The boy was run over and killed at this spot, and it is plaintiff's theory that he was shaken from the wagon by reason of an alleged abrupt drop of six inches from the top of the culvert to the roadbed. No one saw this accident, but it was discovered an instant later that

the boy had been run over. He died soon after, and this action is brought by the father, as administrator, to recover damages. A verdict and judgment of $800 was rendered, and the defendant has appealed.

Error is assigned upon a failure to direct a verdict for the defendant upon the ground that there was no testimony showing how the accident occurred, and that it should not be ascribed to the defective culvert, in the absence of proof, and for the further reason that there was no proof that the deceased exercised due care. Error is also alleged on the refusal of the court to direct a verdict for the defendant upon the ground of the contributory negligence of the father, who noticed the defect when he crossed the culvert in the morning, yet permitted the son to drive over it in the evening without warning. Error is assigned, also, upon several rulings during the introduction of evidence, and upon the instructions relating to the rule of damages.

Defendant's counsel cite several cases to the proposition that, where there is no evidence tending to show how an accident occurred, a jury should not be permitted to base a verdict upon speculation and conjecture. That doctrine should not be carried so far as to say that a jury may not base a verdict upon testimony fairly tending to show a probability, as in such instance the case would be beyond the realm of conjecture or speculation. The theory of the plaintiff is a plausible one. He showed a faulty condition of the culvert, and a situation of tracks and ditches that indicated a necessity for the horses to turn the wagon while its wheels were upon or back of the culvert, so that they could not pass squarely over it, whereby the wagon would naturally lurch violently. The first wagon to cross experienced this, nearly throwing the men from the load. The team was steady, and the boy accustomed to driving. The same testimony bore upon the question of the boy's care. The natural conclusion from these circumstances is that the boy was not negligent. A minute before, his team was going steadily along in an orderly manner,

under the guidance of its driver, and it stopped without evidence of fright soon after the boy was run over. It was proper to leave the entire subject to the jury. *Underhill* v. *Railway Co.*, 81 Mich. 43 (45 N. W. 508).

The plaintiff testified that he noticed the dangerous condition of the culvert in the morning, and then forgot about it, and it is said that he was therefore guilty of contributory negligence in forgetting, and leaving the boy to drive over the bad place without warning. The court was requested to direct a verdict upon this ground. Instead of doing so, he gave the following charge upon the subject:

"The father, who prosecutes this action, has a personal interest in any recovery here; consequently, if he was negligent on this occasion, which negligence contributed to the injury, there can be no recovery in this case. And in this connection you should consider the age of the boy, and the character of the load, and the father's knowledge of the culvert, if any, and the boy's experience, the time of day, and everything else in connection with the circumstances, and say whether it was negligence to permit this boy to drive alone over that culvert under the circumstances. The boy himself would only be chargeable with the ordinary care and prudence of an average boy of that age. As I say, the father has a pecuniary interest in this recovery, and if he was negligent, and his negligence contributed to the injury, then there can be no recovery. * * *

"*Mr. Bope:* May it please the court, in regard to the consideration of the negligence of the father, we would like to have the jury instructed further that the prior knowledge of the defect in the culvert, coupled with the testimony of temporary forgetfulness of the defect, would not be proof of negligence.

"*The Court:* Well, that instruction is probably nearly correct. Highways are constructed, and people, by their construction, are invited to travel upon them; and, although there may be defects in them, yet people are not prohibited by that fact from traveling over them. They are held to only reasonable care in traveling where there are defects. While you may take into consideration the fact, as this plaintiff testifies, that he drove over the culvert

in the morning and noticed that there was a jolt or jar there, yet he would have a right to drive back over the same culvert, and the mere fact that he had forgotten it was there would not bar his recovery, if he was using ordinary care and prudence in driving at that time. His mere lapse of memory would not bar his recovery, but you may take the whole of the facts into consideration, and say upon the whole testimony and all the facts whether there was negligence upon his part such as would prevent his recovery."

It was not dark when the accident occurred, and it is not improbable that the boy saw the condition of the culvert. The court said, in effect, that they had a right to drive over the culvert, and, if in doing so the boy was using ordinary care and prudence, the forgetfulness of his father did not contribute to the injury. The request was properly refused; and, while he might have been asked to charge more fully on the subject of forgetfulness (see *Bouga* v. *Township of Weare*, 109 Mich. 523 [67 N. W. 557]), he was not, and the instructions given were not erroneous.

Several witnesses familiar with the locality and the use of wagons were allowed to testify that, in order to pass safely, it would be necessary for a wagon coupled for 16-foot lumber to begin turning while over or upon the culvert. Others acquainted with the boy were allowed to testify as to the value of his services. We think this testimony was competent, and that the witnesses showed themselves qualified to give opinions.

Some other points are raised, but we think further reference to them unnecessary. The cause was tried with fairness, and a clear and comprehensive charge was given.

The judgment is affirmed.

The other Justices concurred.