PROPER *v.* LAKE SHORE & MICHIGAN SOUTHERN RAIL
WAY CO.

1. DEATH BY WRONGFUL ACT—DAMAGES—INSTRUCTIONS—HARM-
   LESS ERROR.
   Where, in an action for wrongful death, the court, in its
   charge, assumed that decedent's widow had received *some*
   support from his personal earnings, and was therefore pecu-
   niarily injured, and, in effect, made the right of recovery to
   depend on the questions of negligence and contributory neg-
   ligence, an instruction that the widow was entitled to such
   damages only as the jury might find she had sustained by be-
   ing deprived of decedent's contributions from his personal
   earnings, and not from the income of his accumulated prop-
   erty, could not have been the cause of a verdict for defend-
   ant, and, if erroneous, was harmless.

2. SAME—EVIDENCE.
   Where an action for death must have turned on the issue of
   contributory negligence, the admission of proof that deceased
   was a wealthy man and had money at interest, if error, was
   harmless.

3. RAILROADS—ACCIDENT AT CROSSING—EVIDENCE—RES GESTÆ.
   Where deceased was killed at a railroad crossing while driving
   with a companion, evidence as to what occurred at the time
   of the accident, including the acts of decedent's companion,
   was admissible as *res gestæ.*

4. SAME—CONTRIBUTORY NEGLIGENCE.
   Where decedent, having stopped his horse 50 feet from a rail-
   road crossing, and looked and listened for a train, drove onto
   the track without taking any further precautions than to
   look out of the glass at the back of the buggy, from which he
   could see only a few rods of the track, he was guilty of con-
   tributory negligence, precluding a recovery for his death
   from collision with a train.

Error to Hillsdale; Chester, J.  Submitted February
23, 1904.  (Docket No. 9.)  Decided April 19, 1904.

Case by William E. Proper and Walter G. Proper, ad-

ministrators of the estate of George W. Proper, deceased, against the Lake Shore & Michigan Southern Railway Company, for the alleged negligent killing of plaintiffs' intestate.   From a judgment for defendant, plaintiffs bring error.   Affirmed.

*W. J. Sampson* and *Grant Fellows*, for appellants.

*C. E. Weaver* and *Dallas Boudeman*, for appellee.

HOOKER, J.    The plaintiffs' intestate was ·instantly killed by the defendant's passenger train at a street crossing in the village of Jonesville.   At the time he was driving in a buggy, and his horse was struck when he had but just stepped his fore feet upon the track.   The action is case for negligence, and the case was left to the jury, who found a verdict for the defendant, and plaintiffs have appealed.

The claim was made by defendant's counsel upon the trial that the deceased supported the widow from interest earned by his accumulated property, and not from his personal earnings; and the judge was induced to charge that the damages would be—

"The present worth of such an amount of money as you are able to say, from all the evidence in the case, it is reasonably probable would have been contributed by the decedent, if he had lived, to the support of his wife from his earnings.   *   *   *   His contributions, as before explained, are for the individual services which the husband renders the wife.   They cannot be enlarged by the fact that the deceased had accumulated a considerable property, which the wife·enjoyed with him, for she is entitled to enjoy a portion of such property whether he was dead or alive; and so the jury, if it finds for the plaintiffs, must be careful that it does not go out of the rule which the court has given, that the measure of the damages is the present worth of such contributions as the husband would have made from his individual services to the wife during her lifetime, as nearly as the same can be estimated.   *   *   *

"You are also instructed that you should not base a verdict for damages in this case upon what Mr. Proper

may have given to his wife out of the interest money on mortgages or other moneys which he had out at interest. The question for you, as far as it relates to damages, is, How much would Mr. Proper, had he lived, have contributed to his wife for her support out of his personal earnings?—not what he may have given her in the way of moneys which he had already accumulated, or what he may have given her for the purpose of making presents to their children or others, or what she may have received out of the income of the farm. The matters last mentioned have nothing to do with the question of damages. It is simply a question of how much Mr. Proper, during his lifetime, would have contributed from his personal labor to the support of his wife, and what is the present worth of such an amount. Now, I have spoken of nothing from the farm. Of course, if you find that he earned anything by his services and work there on the farm, and contributed to those earnings of his own efforts to his wife, then she would be entitled to that portion of those earnings."

Counsel for defendant now claim that, if this was erroneous, it was harmless, for the reason that, under the testimony, the jury must have found that a part of deceased's contributions were from his personal earnings, and that the fact that they did not give her any damages shows that they must have based their verdict upon some other ground, *e. g.*, contributory negligence. There are cases where it can be said that questions relating to damages become immaterial, in view of a verdict which obviously must rest upon some other ground. If we can say that in this case, we may pass the point.

After discussing the questions of negligence and contributory negligence, the judge said to the jury:

"Then, gentlemen, if, under the evidence in this case, and the instructions I have given you, you find for the plaintiffs, you come to the question of damages; and, if you come to the question of damages, gentlemen, you are instructed upon that question that plaintiffs, if entitled to recover, are entitled to damage to the extent of the pecuniary loss which the widow has sustained by the death of George W. Proper."

Then followed what has been already quoted.

This charge nowhere directed the jury that they should render a verdict of not guilty if they should find that the widow received no support from deceased's personal earnings. It assumes that she received some such support, and it also makes the plaintiffs' right to recover depend upon the questions of negligence and contributory negligence. Then he discussed the measure of damages, as already shown. In view of these directions, there is little reason to believe that the jury found an absence of contributory negligence, and defeated plaintiffs solely because her support did not come from personal earnings of her husband. They could not reasonably have found the latter fact, under the proof, and they had received no intimation that it would require a verdict of not guilty if they should so find. They were, in effect, told that plaintiffs were entitled to a verdict if they should find negligence on the part of the defendant, and an absence of contributory negligence.

Error is assigned upon the admission of the proof showing that the deceased was a wealthy man, and had money at interest. We do not see that this testimony was injurious to the plaintiffs, inasmuch as the case must have turned on the question of contributory negligence, even if it were inadmissible, which we do not say.

We think it was proper to inquire fully as to what occurred at the time of the accident, including the acts of deceased's companion, Wisner. It was part of the *res gestæ*, and bore upon the question of the sufficiency of deceased's caution.

The court instructed the jury as follows:

"If you find that Mr. Proper did all that the ordinarily careful and prudent man would do under like circumstances, and with his knowledge of this crossing, and of the trains passing over it, in approaching this crossing, to ascertain if any train was coming on this track, then and in that case he is not guilty of contributory negligence, and, so far as that question is concerned, plaintiffs would be entitled to recover.

"Contributory negligence, in the law, may be defined as. an act by the injured person which an ordinarily prudent man would not have done under the same circumstances, or the omission to do that which an ordinarily careful and prudent man would have done under the circumstances, and which act or acts directly aid in causing or contributing to the injury received. If the mind of an ordinarily prudent man would be impressed with the belief of danger, under the circumstances existing and surrounding him at the time of the injury, he has no right to incur the danger. But, on the other hand, if the mind of an ordinarily prudent man would not be impressed with the belief of danger by the circumstances surrounding and existing at the time of the injury, he is not guilty of contributory negligence.

"Therefore, you will understand that it is a very important question in this case for you to determine whether or not the deceased, George W. Proper, was exercising the care and caution which he should have exercised as he approached this track, for, unless it be shown that he gave proper attention,—that is, exercising due and proper care in the question of whether there was an approaching train,—then he cannot recover; and if the train was easily to be seen, had he stopped and looked for it, or had looked attentively enough without stopping, and the approaching train would have been seen by him if he had used due care and caution and given proper attention, then he was guilty of such a degree of negligence as would prevent a recovery in this case.

"There is no particular act necessary to be found on which to base contributory negligence. It may exist in a variety of ways. It may be inferred from the failure of the plaintiff or decedent to stop his horse or to look in the direction of the approaching train, or a failure to hear the approaching train because of the noise of the buggy, or any other noise, if you find there was any, or by being occupied in conversation with his companion; and various other things which may occur may be considered as contributory negligence. Anything in the way of inattention to the approaching train, which, in the mind of the jury, contributed to the injury of the deceased, and the injury would not have occurred had it not been for such inattention, is contributory negligence. The attention which is required of Mr. Proper is the same attention and observation that is used and exercised by an ordinarily careful and prudent man under the same circumstances. * * *

"You are also instructed that the plaintiffs are not entitled to recover in this case simply because there was an accident which resulted in the death of Mr. Proper, for whom the plaintiffs claim to act as administrators. The fact that Mr. Proper was killed at this crossing is of itself no evidence whatever of any negligence on the part of defendant, or of any liability on its part to respond in damages. While it is true that, simply because an accident had occurred, negligence is not to be presumed, still, in determining the question of negligence, the fact that an accident has occurred may be and should be taken into consideration, in connection with all the other facts and circumstances in the case, for the purpose of determining whether in fact there was negligence.

"And if you find from the evidence that when Mr. Proper and his companion, Mr. Wisner, had reached a point in the highway which was somewhere in the neighborhood of fifty feet or six or seven rods from the track, as estimated by various witnesses, he stopped his horse and looked and listened for the train, then started up again, and, as he started, Mr. Wisner looked out of the glass at the back of the buggy, where he could only see a few rods of the track, and the parties then passed onto the track, without any further looking in the direction of the approaching train, or any further attempt to find whether there was an approaching train, then such acts constituted contributory negligence, and plaintiffs could not recover."

Error is assigned on the last paragraph of the above. The plaintiffs claimed that the view of the track was obscured by buildings and trees, and that it was a difficult and dangerous crossing. We think that the judge was right in holding that, under the admitted circumstances, it would be negligent to assume that it was safe to proceed without any further effort to ascertain than was made at the time of stopping. *Vreeland* v. *Railroad Co.,* 109 Mich. 585 (67 N. W. 905); *Shufelt* v. *Railroad Co.,* 96 Mich. 327 (55 N. W. 1013); *Braudy* v. *Railway Co.,* 107 Mich. 100 (64 N. W. 1056); *Osborn* v. *Railway Co.,* 115 Mich. 102 (72 N. W. 1114); *Britton* v. *Railroad Co.,* 122 Mich. 359 (81 N. W. 253); *Tucker* v. *Railway Co.,* 122 Mich. 149 (80 N. W. 984), and cases cited.

We are of the opinion that the ordinance could not affect this case, and that there was nothing in the instruction relating to positive and negative testimony of which plaintiffs can justly complain.

The judgment is affirmed.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred. GRANT, J., took no part in the decision.