GUNTERMANN *v.* MICHIGAN CENTRAL RAILROAD CO.

RAILROADS—CROSSING NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   The failure of the driver of a vehicle to hear the audible rumble of a fast train, hear its bell, or whistle, or to see a brilliantly lighted train, with a headlight burning, visible 370 feet away at a point $56\frac{1}{2}$ feet from the track, 530 feet away at a point $46\frac{1}{2}$ feet from the track, and 1,500 feet away at a point $26\frac{1}{2}$ feet from the track, was contributory negligence, in the absence of evidence that he stopped, looked, and listened before crossing the right of way.[1]

[1] For various phases of question of duty to stop, look, and listen before crossing railroad tracks, see notes in 6 L. R. A. (N. S.) 150; 17 L. R. A. (N. S.) 505; 21 L. R. A. (N. S.) 309.

Error to Bay; Collins, J. Submitted February 17, 1911. (Docket No. 92.) Resubmitted October 5, 1911. Decided December 29, 1911.

Case by Mary A. Guntermann, administratrix of the estate of John W. F. Guntermann, deceased, against the Michigan Central Railroad Company for the unlawful killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Reversed.

*Cooley & Hewitt* (*Humphrey, Grant & Baker*, of counsel), for appellant.

*De Vere Hall*, for appellee.

BROOKE, J. This is an action brought by Mary Guntermann, the widow and administratrix, for damages claimed to have accrued against the Michigan Central Railway Company for causing her husband's death. John W. F. Guntermann was killed on September 1, 1908, at the Chestnut street crossing of said railroad, in the city of Bay City, Mich. The plaintiff recovered a verdict on which judgment was duly entered for the sum of $5,975, and the case is brought into this court by writ of error.

Chestnut avenue runs east from Chilson avenue to Wenona avenue, crossing Erie avenue at right angles and about midway between Chilson avenue and Wenona avenue. At the intersection of Chestnut avenue and Erie avenue the defendant road crosses these streets. The tracks run diagonally east of north and west of south. Mr. Guntermann was in a laundry wagon, going east on Chestnut avenue, when his wagon was struck by a northbound train. He received injuries from which he died in about five hours. The boy who was with him was also killed. It was the claim of plaintiff that the train was going 35 or 40 miles an hour; while the engineer and fireman testified it was going 15 or 20 miles an hour on a down grade with the steam shut off—drifting, as one of the witnesses called it.

Counsel are agreed that the only questions submitted to the jury were:

*First.* Was the defendant guilty of negligence in running its train across Chestnut street crossing at the time of the accident, at a speed faster than permitted by the ordinance of Bay City.

*Second.* Was the defendant guilty of neglect in failing to provide a crossing sign as required by statute at the Chestnut street crossing of the Michigan Central Railroad.

*Third.* Has the plaintiff satisfied the jury by the evidence in this case that on the night in question, at the time of the happening of the accident, the decedent was not guilty of any negligence in approaching this crossing, which contributed to the injury causing his death.

Counsel for plaintiff insists that each of these questions was properly submitted, while counsel for defendant, with equal emphasis, insists they were improperly submitted, and that a verdict should have been directed for defendant. We find it necessary to consider the third question only.

The following facts are undisputed: For more than nine years plaintiff's decedent had lived within one-half mile of the crossing upon which he met his death. The crossing was a level one; the defendant's track being elevated about one foot above the street level. Decedent had crossed at this crossing going in the opposite direction within 20 minutes of the time he attempted to cross when he was killed. It was a very dark night. The engine which caused decedent's death was equipped with a powerful headlight, which was lighted, and it was hauling a passenger train also brilliantly lighted. The rumble of the approaching train could be heard several blocks away. At a distance of $56\frac{1}{2}$ feet from defendant's track, decedent had an unobstructed view of the approaching train for a distance of 370 feet. At a distance of $46\frac{1}{2}$ feet his view was unobstructed for 530 feet, and at a distance of $26\frac{1}{2}$ feet from the track he could have seen the approaching train 1,500 feet away. The engine whistle had been

blown for the crossing. The bell upon the engine was ringing. There is no testimony that upon approaching the track plaintiff's decedent stopped, looked, and listened for the approaching train. Under the facts disclosed, the presumption that decedent acted with due care is swept away, and he should be charged with such negligence as would preclude recovery by the plaintiff. Assuming that the horse was traveling at the rate of 4 miles per hour, and the train at 40 miles per hour, when decedent was 30 feet from the track, the train was but 300 feet away, approaching with its headlight burning, and its engine bell ringing. A verdict should have been directed for defendant under the following authorities: *Mynning* v. *Railroad Co.*, 64 Mich. 93 (31 N. W. 147, 8 Am. St. Rep. 804); *Freeman* v. *Railway Co.*, 74 Mich. 86 (41 N. W. 872, 3 L. R. A. 594); *Underhill* v. *Railway Co.*, 81 Mich. 43 (45 N. W. 508); *Apsey* v. *Railroad Co.*, 83 Mich. 432, 439, 440 (47 N. W. 319); *Grostick* v. *Railroad Co.*, 90 Mich. 594 (51 N. W. 667); *Shufelt* v. *Railroad Co.*, 96 Mich. 327 (55 N. W. 1013); *Gardner* v. *Railroad Co.*, 97 Mich. 240 (56 N. W. 603); *Phillips* v. *Railroad Co.*, 111 Mich. 274 (69 N. W. 496, 66 Am. St. Rep. 392); *Stewart* v. *Railroad Co.*, 119 Mich. 91 (77 N. W. 643); *Britton* v. *Railroad Co.*, 122 Mich. 359, 362 (81 N. W. 253); *Hampel* v. *Railroad Co.*, 138 Mich. 1, 3 (100 N. W. 1002, 110 Am. St. Rep. 275); *Strong* v. *Railway Co.*, 156 Mich. 66 (120 N. W. 683).

The judgment is reversed, and a new trial will be granted.

OSTRANDER, C. J., and STEERE, MOORE, MCALVAY, BLAIR, and STONE, JJ., concurred.

BIRD, J., did not sit.